MONTGOMERY AND WEST POINT RAILROAD COMPANY, plaintiff in error, vs. JESSE BORING, defendant in error.

1. Suit was brought against the "Montgomery and West Point Railroad Company, otherwise called the Western Railroad Company." Objection was made to the form of the action. It appeared that the legislature of the state of Alabama had authorized the surrender of the charter of the M. and W. P. R. R. Co., and its incorporation into the W. R. R. Co.; that whatever name this company had, it regularly used the depot at West Point, in the state of Georgia, known as the M. and W. P. R. R. depot; that by act of the general assembly of the state of Georgia, passed in 1837, the M. and W. P. R. R. Co. was incorporated, and its office for the service of writs, etc., fixed at West Point:

Montgomery and West Point Railroad Company vs. Boring.

*Held,* that the allegation " otherwise called the Western Railroad Company " was surplusage, and need not be proved.

2. A railroad company which succeeds to the rights and privileges conferred upon another by its charter, becomes also subject to the same liabilities.

3. In an action against a railroad company for an injury to the person, damages traceable to the act, but not its legal or natural consequence, are too remote and contingent.

4. It is error for the court to charge the jury that certain enumerated facts, if proven, would constitute negligence. Negligence is a question of fact, of which the jury are to judge from the evidence, and not a question of law.

5. Where the evidence would have required the jury to have found the verdict wholly independent of an erroneous charge of the court, a new trial will not be ordered.

6. Whilst this court will always be careful to protect railroad companies against excessive damages, still, when from gross negligence the lives and safety of passengers are exposed to danger, and injury results therefrom, it will not interfere with the finding of a jury except when it is apparent that the verdict was the result of passion or prejudice.

Railroads. Corporations. Damages. Negligence. Charge of Court. Immaterial error. New trial. Before Judge BUCHANAN. Troup Superior Court. May Term, 1873.

For the facts of this case, see the decision.

A. W. HAMMOND & SON, for plaintiff in error.

1st. This defendant can do nothing in Alabama, and therefore the case should have been dismissed. · (See charter—acts of 1837.)

2d. The evidence shows that this defendant did not carry nor wrong the plaintiff. *Allegata* and *probata* must agree : Felix *vs.* The State, 18 Ala. R. ; Dill *vs.* Rutter, 30 Ala. R. ; 1 Gr. on Ev., secs. 63, 66. The Alabama corporations did the wrong ; they are not the same as the Georgia corporation : 1 Gr. on Ev., secs. 63, 64 ; 2 B. & Ald., (E. C. L.,) 756 ; 12 East R., 452 ; 1 B. & B., 538. The case in 12 Wallace S. C. R., 65, is not to the contrary ; 1 Black's U. S. S. C. R., 286 ; 5 Blatchford's C. C. R., 317. This is not in conflict with Berry *vs.* M. and W. R. R. Co., 39 Ga. R.

3d. The evidence should have been confined to the dam-

ages alleged : 1 Ch. on Pl., top pages 396, 397 ; 2 Gr. on Ev., sec. 254, and cases cited ; Code, sec. 3070.

4th. The evidence of subsequent sick spell in 1872 was too remote ; 2 Gr. on Ev., sec. 256, and cases there cited ; Code, sections 2944, 3072, 3073, 3074.

5th. Verdict may specify plea on which it was founded : Code, sec. 3560.

6th. As to 11th and 12th grounds in motion, the judge stated certain facts and said they constituted negligence. Negligence is a question for the jury : Wallace *vs.* Clayton, 42 Ga., 443 ; M. & W. R. R. Co. *vs.* Davis, 18 *Ibid.*, 680, (5.) He had no right to intimate opinion, and doing so necessitates new trial : Code, sec. 3248 ; Kitchen *vs.* Verdell, 42 Ga., 537 ; Stephenson *vs.* The State, 40 *Ibid.*, 291 ; Phillips *vs.* Williams, 39 *Ibid.*, 602; Whitely *vs.* The State, 38 *Ibid.*, 50–73; Horne *vs.* The State, 37 *Ibid.*, 93; Scott *vs.* Winship, 20 *Ibid.*, 430 ; Hunter *vs.* The State, 43 *Ibid.*, 484, (4;) Grant *vs.* The State, 45 *Ibid.*, 477; Johnson *vs.* Wright, 48 *Ibid.*, 648.

7th. Common law supposed to be of force in Alabama : S., R. & D. R. R. Co. *vs.* Lacy, 43 Ga., 461. At common law, contributory negligence barred recovery: 18 Ga. R., 679; 19 *Ibid.*, 437; 29 *Ibid.*, 358; 28 *Ibid.*, 93, (1;) 35 *Ibid.*, 105; 38 *Ibid.*, 409; 42 *Ibid.*, 327; 56 Penn. St. R., 294; 7 Allen, 207.

8th. Court should control counsel in the argument : 11 Ga., 257, 634; 12 *Ibid.*, 512, 522; 15 *Ibid.*, 399; 25 *Ibid.*, 227; 43 *Ibid.*, 372. He should have done so in his charge: 17 Ga., 446. Its want may have injured us : 30 Ga., 133.

9th. The verdict was excessive for disabling one for three months to make money, and crippling him for life by broken ankle. We had necessary platforms : 2 Redf. on Railways, p. 241; P. R. R. *vs.* Zebe, 33 Penn. St. R., 318. This is not opposed by cases cited by plaintiff's counsel : Sherman on Railways, 321, 322; 4 Cush., 400; 26 Iowa R., 124–5 ; 56 Missouri, 234; 51 Penn. St. R., 331; 3 Exch. R., 533; 81 E. C. L. R., 178; 95 *Ibid.*, 923; 115 *Ibid.*, 184.

B. H. HILL & SON; LESTER & THOMSON, for defendant.

1st. Nothing in objection to form of action.   No plea to the jurisdiction: Acts of 1837, p. 201; 39 Ga., 504; 12 Wal., 650; Code, sec. 1686; 37 Ga., 401, 410, 419.

2d. Charge as to damages correct: Code, sec. 3070, *et seq.;* Code, sec. 3068.

3d. Charge as to negligence correct: 28 N. H., 9; 26 Iowa, 124; Shearman & Redfield on Neg., 391; 2 Pars. on Con., 219, *n.* (*b*,) 220; Code, sec. 2067.

WARNER, Chief Justice.

The plaintiff brought an action against the defendant as a common carrier of passengers on its road, to recover damages for an alleged injury caused by the negligence of the defendant.   On the trial of the case, the jury, under the charge of the court, returned a verdict in favor of the plaintiff for $10,000 00.   A motion was made for a new trial on the several grounds as specified and set forth in the record, which was overruled by the court, and the defendant excepted.   It appears from the evidence in the record that the plaintiff is a citizen of this state, and a physician of thirty years' standing; that he took passage on the defendant's road at Columbus, Georgia, to be carried to West Point, Georgia, on his way to his home in Atlanta, Georgia, and paid the usual and customary fare for such carriage; that at Opelika, in the state of Alabama, (it being the night train between Columbus and West Point,) it had to wait for the Montgomery train from half an hour to an hour before the passengers changed cars going to West Point.   Whilst the defendant's train was standing on its track thus waiting for the Montgomery train to arrive on its way to West Point, the plaintiff had occasion to step out of the car, and in doing so, fell into a ditch or sewer nine or ten feet deep below the step of the car, and broke his leg, and was otherwise injured.   The car was standing at or near the usual place of receiving and putting off passengers; there were no stationary lights; there were rocks, timbers and oys-

ter shells in the bottom of the ditch into which he fell. Plaintiff used care and caution in going down the car steps, and when he stepped off the last car step expected to put his feet on the ground instead of stepping into the open ditch, of which he had no knowledge at the time, it being dark. The defendant's conductor of its train had known of the existence of the ditch for three years ; it has since been covered.

1. Objection was made at the trial to the form of the action, the plaintiff averring that the Montgomery and West Point Railroad Company, otherwise called the Western Railroad Company, had damaged him, etc. The court overruled the objection, and held that the latter averment was surplusage, and need not be proved, that the suit was against the Montgomery and West Point Railroad Company. There was introduced in evidence by the defendant, the acts of the general assembly of the state of Alabama authorizing a surrender of the charter by the stockholders of the Montgomery and West Point Railroad Company and its incorporation into the Western Railroad Company of Alabama, for the purpose of showing that there was not in the state of Alabama, at the time of the injury complained of, such a corporation as the Montgomery and West Point Railroad Company. The evidence in the record in relation to this point in the case, is that the company running the railroad from Montgomery, Alabama, to West Point, Georgia, and from Columbus, Georgia, via Opelika, Alabama, under whatever name it had, regularly and exclusively used the depot called the Montgomery and West Point Railroad depot in West Point, and kept its agents in said depot, and still does so. The general assembly of this state, in 1837, passed an act incorporating the stockholders of the Montgomery Railroad Company, with all such as might thereafter become stockholders in said company, by the name and style of the Montgomery and West Point Railroad Company, within the corporate limits of the town of West Point, and authorized said company, in its corporate name, to purchase, receive, possess, enjoy and retain to them and their successors, so far as shall be necessary for the location of said

road, and for the construction of the necessary buildings, etc., and the same to sell, demise, alien, or dispose of; and to sue and be sued, plead and be impleaded, answer and be answered, defend and be defended against, in any courts of record in this state. The 2d section of the act declares that this corporate body and their *successors*, shall exist and continue for fifty years after the completion of said Montgomery and West Point Railroad. The 3d section of the act declares that all bills, writs, processes of whatever kind, known to the laws of this state, may be served upon said company, by leaving a copy thereof at the depot of said 'company by the sheriff, constable, or other officer authorized to serve the same. By this act the Montgomery and West Point Railroad Company were incorporated as a body politic in this state, with certain defined rights and privileges, on condition that it should be liable to be sued in the courts of this state by her own citizens, in the same manner as other incorporated companies were liable to be sued by them, and service of process for that purpose might be served on it by leaving a copy thereof at its depot, which it was authorized to construct in this state. There was no other corporation than this liable to be sued for an injury done by it to her citizens, which the courts of this state could recognize.

2. The Western Railroad Company is nothing more than the successor of the corporate body created by the act of 1837, either by contract or by operation of law, so far as the rights and privileges, duties and responsibilities, granted and imposed by that act are concerned, in relation to the citizens of this state. If proceedings had been instituted in the courts of this state to forfeit the charter of the Montgomery and West Point Railroad Company for non-user, on the statement of facts set forth in the record, could not the Western Railroad Company have successfully replied that it was the successor of all the rights and privileges granted to the Montgomery and West Point Railroad Company, under the act of 1837, and that, as such successor, it had continued in the exercise of the use and enjoyment of such rights and privileges up to the

present time? If the Western Railroad Company is the successor of the rights and privileges granted by this state to the Montgomery and West Point Railroad Company by the act of 1837, then it necessarily follows that it is subject to all the liabilities imposed by that act for the protection of the rights and interest of the people of this state. The position assumed on the argument, if sound, would seem to us greatly to impair, if not destructive of the rights of the Western Railroad Company to the enjoyment of the rights and privileges granted by this state to the Montgomery and West Point Railroad Company by the act of 1837. As a matter of course, it cannot expect to enjoy the privileges conferred by that act without incurring the liabilities imposed by it. We find no error in the rulings of the court in relation to the right of the plaintiff to maintain his action against the defendant in the courts of this state for the injury complained of.

3. We find no error in the charge of the court as to the rule of damages. The court stated the rule correctly between general and special damages, and charged the jury that special damages must be proved in order to be recovered, and that damages traceable to the act, but not its legal or natural consequence, are too remote and contingent. The charge of the court as to the question of damages restricted the jury to such damages as resulted from the injury, and excluded speculative and imaginary damages.

4. The court also charged the jury that if they believed from the evidence that certain enumerated facts had been proved, without expressing or intimating to the jury whether such enumerated facts had or had not been proved, then the defendant would be guilty of negligence. This charge of the court, in stating to the jury, as a conclusion of law, that certain facts, if proved, would constitute negligence, was error. Negligence is a question of fact of which the jury are to judge from the evidence, and not a question of law. When negligence has been proved to the satisfaction of the jury, certain legal consequences result therefrom; but it is not the province

Montgomery and West Point Railroad Company *vs.* Boring.

of the court to tell the jury that any given state of facts amount to negligence.

5. If the defendant was negligent, the law declares what shall be the result thereof, and the inquiry is, does the evidence in this record show such a negligence on the part of the defendant as would have *required* the jury to have found a verdict in favor of the plaintiff, wholly independent of the charge of the court? In our judgment, the evidence of negligence on the part of the defendant is so strong and uncontroverted, that the jury were bound to find for the plaintiff irrespective of the error in the charge of the court on that question. The defendant stopped its train on its track from half an hour to an hour, in the night-time, to await the arrival of its other train to convey its passengers to their destination, over an open ditch, six or eight feet deep, at the bottom of which were rocks and timbers, with no stationary lights there, which ditch was known to the defendant's conductor, but unknown to the plaintiff when he stepped out of the car, as he had the right to do under the circumstances; he was precipitated into this pit-fall, had his leg broken and crippled for life. What other verdict could the jury have rendered in this case under the evidence as to the defendant's negligence? If the evidence as to the defendant's negligence had been *doubtful* or *conflicting*, we might have felt it to be our duty to grant a new trial for the error of the court in its charge upon the question of negligence.

6. It has been insisted that the amount of the verdict is excessive, and ought to be set aside for that reason. Whilst this court will always be careful to protect the rights of railroad corporations against colorable and unfounded claims, and against excessive damages founded on such claims, still, when from gross negligence, as in this case, the lives and safety of passengers are exposed to danger, and injury results therefrom, it will not interfere with the verdict of a jury, except when it is apparent that the verdict is so unreasonable as to induce the belief that it was the result of passion or prejudice. In view of the facts of this case, as disclosed by the

record, we are of the opinion that the verdict of the jury should not be disturbed.

Let the judgment of the court below be affirmed.