34828.   MITCHELL *v.* TURNER.

Decided October 16, 1953.

*Martin, Snow & Grant,* for plaintiff in error.
*Miller, Miller & Miller,* contra.

GARDNER, P. J. ■ The evidence is amply sufficient to support the verdict of the jury.

The jury found in favor of the plaintiff as to the amount of damages. The trial judge approved the verdict of the jury. We are unauthorized to hold that the judge abused his discretion in approving the amount of damages, $5,000. This question having been brought up to this court in the general grounds rather than in a special ground, and there being sufficient evidence to support the finding of the jury, we find no reversible error in this finding of the jury and approval by the judge of the amount. See *Halliburton* v. *Collier*, 75 *Ga. App.* 316, 325 (43 S. E. 2d 339).

■ There is only one special ground. This complains that the court erred in charging the jury as follows: "If the plaintiff recovers she can recover only for such injuries you find she suffered and it is for you to say whether such injuries, if any, have continued to the present and how long they will continue into the future, if any.

"In this connection, gentlemen, that is, in connection with these instructions on pain and suffering, the plaintiff claims damages for pain and suffering on account of an alleged injury to her breast, and in connection—she also claims pain and suffering on account of other alleged injuries, but the instructions the court is now going to give you will have reference to her contention that she has suffered, that she has been injured and is entitled to recover pain and suffering to her breast.

"If the plaintiff is entitled to recover at all for pain and suffering on account of any injury to her breast—let me withdraw that last sentence I gave to you, gentlemen, beginning with 'if the plaintiff has suffered any injury on account of pain and suffering to her breast' I will withdraw that statement from you entirely and charge you this in lieu of it.

"In connection with her claim for pain and suffering on account of the alleged injury to her breast, I charge you that the plaintiff cannot recover for any pain and suffering and disablement consequent solely upon a diseased condition existing prior to the alleged injury. If the condition from which the plaintiff suffered or suffers, as she contends, with reference to the alleged breast injury if she suffered or suffers any therefrom, if that was due to the aggravation of her pre-existing condition caused by

the negligent act of the defendant, as alleged in the petition, then the plaintiff could recover only damages due to such aggravation of her pre-existing diseased condition. If that condition from which she alleges she suffered and now suffers was only the imaginary or possible result of the negligent act of the defendant, if the defendant was negligent, or if other and contingent circumstances preponderated largely in causing the injurious effect, such damages are too remote to be the basis of recovery by the plaintiff. I charge you gentlemen that if this condition from which the plaintiff contends that she suffered and now suffers is the legal and natural result of the acts done by the defendant to some extent, then the damages are not too remote to be recovered. Damages traceable to the act, but not its legal or natural consequence, are too remote and contingent to be recovered.

"I think, gentlemen, I may simplify the instructions somewhat, not taking away anything I have said, but adding this to it. If the plaintiff suffered from a diseased condition in her breast prior to the occasion complained of and if she was injured in her breast, on the occasion complained of, as she contends, then she could not recover for any pain and suffering from the pre-existing diseased condition of her breast, that is, resulting solely therefrom, but she could recover for any pain and suffering resulting from the aggravation of that previous existing diseased condition, and she could recover therefor only to the extent that her pain and suffering was a proximate result of the alleged acts of the defendant complained of in her petition, and amendments thereto. So you will understand, if she is entitled to recover for that element it would be only to the extent that some act of the defendant, alleged in the plaintiff's petition, aggravated that pre-existing condition and proximately caused thereby her alleged pain and suffering."

Error is assigned on this charge for the following reasons: "(a) Because, said charge is illegal in stating the measure of damages where an injury has aggravated a pre-existing disease, and the court should have charged that plaintiff's recovery was limited to the extent of any aggravation of a pre-existing disease.

"(b) Because, the court charged 'that if this condition from which the plaintiff contends that she suffered and now suffers is the legal and natural result of the acts done by the defendant,

if he did any act as charged, though contingent to some extent, then the damages are not too remote to be recovered.' The defendant says that this language was extremely confusing and prejudicial in that the jury could not have known what the court meant by charging that if an act was 'contingent to some extent,' and this defendant contends that if the court was going to use the word 'contingent,' it should have defined the meaning and intent of said word as so used · by the court.

"(c) Because, in the language quoted in subparagraph (b) above, the court used the words 'the legal and natural result of the acts done by the defendant,' and this defendant says that the use of the adjective 'legal' necessarily created confusion in the minds of the jury.

"(d) Because the court in said excerpt charged: 'Damages traceable to the act, but not its legal or natural consequences, are too remote and contingent to be recovered.' "

The defendant contends that the language of the court was uncertain and confusing to the jury and prevented them from a consideration of the true rule, which counsel says is that, if a pre-existing disease is aggravated by an injury, damages are recoverable · only to the extent· of such aggravation.

We cannot see that the excerpt from the charge of the court in regard to remote damages is out of line with the rule laid down by the Supreme Court in *Whatley* v. *Henry*, 65 *Ga. App.* 668 (5) (16 S. E. 2d 214). The court did charge and specifically emphasized the rule of limitation of damages, and said: "If the condition from which the plaintiff suffered or suffers . . . was due to the aggravation of her pre-existing condition caused by the negligent act of the defendant, as alleged in the petition, then the plaintiff could recover only damages due to such aggravation of her pre-existing diseased condition." It is possible that this might have influenced the jury against the cause of the plaintiff, in that the court expressed an opinion that a pre-existing condition did exist. Certainly the excerpt did not harm the cause of the defendant.

The Supreme Court held in *Montgomery & West Point R. Co.* v. *Boring*, 51 *Ga.* 582, 588, that a charge in that case, on all fours with the charge of the court on this Code section in the instant case, was correct. Nor is there anything shown in the charge

in *Atlanta Gas Light Co.* v. *Mills,* 78 *Ga. App.* 690, 695 (51 S. E. 2d 705), which would influence us to reverse the trial court because of the alleged incorrect charge. The rule in regard to damages for aggravation of pre-existing infirmities, as established by the Supreme Court in *Bray* v. *Latham,* 81 *Ga.* 640 (2) (8 S. E. 64), is not a basis for reversal because of the charge in the instant case. The charges are not in conflict. In view of the charge of the court as a whole, we find no reversible error in this special ground.

The jury found in favor of the plaintiff, the trial judge approved the verdict of the jury and the amount of damages. We are unauthorized to hold that the judge abused his discretion in approving the amount of $5,000. This question having been brought up to this court in the general grounds rather than in a special ground, and there being sufficient evidence to support the finding of the jury, we find not reversible error in this finding of the jury and approval by the judge of the amount of damages.

The court did not err in denying the motion for new trial for any of the reasons assigned.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*