45441.   POSS v. CARLTON COMPANY et al.

JORDAN, Presiding Judge. The plaintiff, Poss, sought damages for medical expenses for the treatment of his minor son. The son was injured when the passenger vehicle he was operating collided with the left rear of a truck-trailer combination overated by the individual defendant, Wilson, as the servant of the corporate defendant, Carlton Company. The collision occurred on Interstate 75 about 12:30 a.m. on September 1, 1968, approximately one mile south of Tifton. Both vehicles were proceeding north, and it was misting rain. At the time of impact the

truck-trailer was moving downgrade in the right northbound lane at a speed of approximately 15 miles per hour, and the driver was in the process of driving the vehicle off the pavement onto the right shoulder, either because of lack of fuel or mechanical difficulty, with the caution lights on. As a result of the collision the driver of the rear vehicle experienced retrograde amnesia and could not recall what occurred. There were no visible skid marks. Damage to the rear vehicle is described as a total loss. The jury found for the defendants, and the plaintiff appeals from the order overruling a motion for new trial. *Held:*

1. Under the circumstances disclosed by the evidence the trial judge properly instructed the jury on the provisions of Ga. L. 1953, Nov. Sess., pp. 556, 585 (*Code Ann.* § 68-1641 (a)), to the effect that the driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for existing conditions. See *Atlanta Metallic Casket Co. v. Hollingsworth,* 104 Ga. App. 154 (5) (121 SE2d 388); *Malcom v. Malcolm,* 112 Ga. App. 151, 154 (144 SE2d 188).

2. Whether the basic rule for overtaking on the left (Ga. L. 1953, Nov. Sess., pp. 556, 582; *Code Ann.* § 68-1635(a)) or the permissible exception for overtaking on the right on multiple lane roadways (Ga. L. 1953, Nov. Sess., pp. 556, 582; *Code Ann.* § 68-1636(a)) applies to a situation is dependent on the circumstances. The basic rule would clearly apply on a multiple lane highway to a vehicle overtaking a vehicle in the right lane of two lanes. While there is no direct evidence of the intention of the driver of the rear vehicle in the present case, the position of the vehicles moments before the impact, as disclosed by the known circumstances, obviously discloses that an overtaking movement, if intended or necessitated by the exigencies of the situation, was one which could be executed properly only by adhering to the basic rule of the road, and passing on the left. In view of this situation the trial judge properly instructed the jury on this rule of the road, and there is no merit in the objection of counsel to the effect that this rule does not apply to interstate highways.

3. While we agree with the plaintiff that *Hay v. Carter,* 94 Ga.

App. 382 (94 SE2d 755), is no authority for the proposition that the driver of a rear vehicle is at fault by reason of the mere fact that his vehicle struck a lead vehicle, the case is also no authority for the proposition that this driver is not at fault, or that the driver of the lead vehicle is at fault. In the usual case, and the present case is no exception, who is at fault, in the sense of negligence proximately causing a rear-end collision, whether the driver of the rear vehicle, the driver of the lead vehicle, or both, or neither, is a jury question for determination upon consideration of all of the attendant circumstances and the applicable rules of the road governing the operation of motor vehicles. The burden of proof was on the plaintiff to establish his case based on the negligence of the defendants as the proximate cause, and where, as here, the evidence for the plaintiff disclosed circumstances which would warrant a permissible inference that the plaintiff's son was guilty of negligence which may have caused or may have contributed to the cause of the collision, it was obligatory on the trial judge, in the proper discharge of his functions, to instruct the jury on applicable law with respect to the son's negligence and the diminution rule, even though the defendants offered no evidence. The contention of the plaintiff that the evidence did not authorize instructions in this respect is without merit.

4. The evidence authorized a verdict and judgment for the defendants, and the trial judge did not err in refusing to grant a new trial. No error appears for any reason argued and insisted upon.

*Judgment affirmed. Eberhardt and Pannell, JJ., concur.*

Argued July 7, 1970—Decided September 8, 1970—
Rehearing denied September 29, 1970—

*Reinhardt, Ireland, Whitley & Sims, Glenn Whitley, Tyron Elliott, Divine, Busbee & Wilkin, William T. Divine, Jr.,* for appellant.

*Perry, Walters, Langstaff, Lippitt & Campbell, S. B. Lippitt, Jr.,* for appellees.