### 27751. HUMBLE OIL & REFINING COMPANY v. MITCHELL et al.

JORDAN, Justice. Humble filed its complaint in three counts against Mitchell and Cook in the DeKalb Superior Court, seeking reformation, rescission, or compensation for unjust enrichment, it being asserted in substance that Humble agreed to sell for $20,000 to Mitchell and Cook a tract of land determined to be

surplus property and included within a larger tract on Turner Hill Road at Interstate 20, but that through mistake Humble deeded the larger tract to Mitchell and Cook, who denied the existence of any mistake or any claim for relief. The case proceeded to trial before a jury, and at the close of the evidence for the plaintiff the defendants moved for a directed verdict, which the trial judge sustained. The plaintiff appeals from the judgment on the directed verdict. *Held:*

Without purporting to restate all of the evidence, we note some of the circumstances which led to the alleged mistake and the present litigation. The testimony is conflicting regarding telephone conversations about the property, particularly in respect to identifying precisely what property was available for sale. On September 24, 1971, a representative of the plaintiff, referring to a telephone request concerning "Surplus Property 5234," forwarded a plat to one of the defendants. The plat bears the notation "SS No. 5234" and is of the entire tract which this defendant insists is the land they intended to purchase. This tract consists of a rectangular portion labeled "Service Station Property" and a smaller adjacent tract, approximately square, covered with slash lines, and marked "Surplus Property," the latter being the tract the plaintiff intended for sale. On September 26, 1971, this defendant, referring to "Surplus Property 5234" submitted a written offer on behalf of a corporation "for the property shown on the attached plat furnished by your office." By letter dated October 12, 1971, addressed to this defendant, the plaintiff accepted an offer of $20,000, and agreed to convey the property, subject to various stated conditions. The signatures of the defendants appear thereon, under date of October 19, 1971, indicating acceptance. There is no description of the property in the letter except a reference to "Surplus Property 5234, I-20 & Turner Hill Road,

Lithonia, Georgia." There is also evidence revealing internal difficulties by the plaintiff with respect to preparing a correct description, and indicating that through clerical inadvertence the plaintiff forwarded to a title company in Atlanta a deed conveying the entire tract instead of the parcel covered by diagonal slash lines and marked as surplus property. The entire tract was under lease which did not expire until after closing, and a representative of the plaintiff, in notifying the lessee of the plaintiff's desire to cancel the lease, stated that "Humble has entered into a contract to sell off a portion," and forwarded a copy to the defendant who testified. This defendant stated he received the letter before closing, but put it in a file and did not read it until after closing. After reading the letter this defendant wrote the plaintiff on January 25, 1972, advising that the defendants owned the entire tract as of January 14, 1972, and that the lessee should get in touch with the writer in reference to re-negotiating the lease. After unsuccessful attempts to settle the dispute the plaintiff filed its complaint on February 14, 1972.

The rule stated in the final sentence of Code Ann. § 81A-150 (a) purports to set forth the standard for a directed verdict long recognized in this state. It is error to direct a verdict unless the evidence demands the particular verdict and fails to disclose any material issue for jury resolution. In our opinion the evidence adduced in the present case does not demand a verdict for the defendants, and the action of the trial court erroneously deprived the plaintiff of the benefit of jury resolution of factual issues for application of the equitable principles set forth in Chapter 37-2 of our Code concerning mutual mistake of fact, or in some instances unilateral mistake, which may entitle a claimant to reformation, rescission, or other relief in respect to a contract.

*Judgment reversed. All the Justices concur.*
ARGUED FEBRUARY 14, 1973 — DECIDED MARCH 8,
1973 — REHEARING DENIED MARCH 22, 1973.

*Jones, Bird & Howell, Earle B. May, Jr., Joseph W. Crooks, William G. Grant,* for appellant.
*Davis & Stringer, Thomas O. Davis,* for appellees.