## 50879. WHITE et al. v. WOODS.

STOLZ, Judge.

In the plaintiff's action for damages for personal injuries and property damage to her automobile, the defendants — the truck driver and his employer — appeal from the directed verdict of liability in favor of the plaintiff.

The following evidence was adduced at the trial. The plaintiff was lawfully stopped at a stop sign at an intersection. The defendants' tractor-trailer entered the intersection from the plaintiff's left side at a speed estimated by the investigating police officers, who arrived on the scene only *after* the collision, at 10 m.p.h., but described by the plaintiff and her passenger, who were *eyewitnesses,* as much faster than 10 m.p.h. and as "really fast." The tractor-trailer made a "quick turn" to the right, "like he didn't know whether he was going to turn or not," entered the road on which the plaintiff was stopped, and overturned onto the plaintiff's car, totally wrecking it and pinning the plaintiff inside it for an hour. The forty-foot trailer had been "loose loaded" (there was no evidence by whom) with some 23,000 pounds of aluminum extrusion at V. E. Anderson Company. The fully loaded tractor and trailer weighed 54,150 pounds. Although the police report contained no indication of the *nature* and *extent* of the plaintiff's injuries, the reporting officer testified that this was because he had other subsequent duties to perform, hence didn't have time, and also because he didn't know the nature and extent of the injuries when he filled out the report. The report did indicate that the plaintiff and her passenger were injured, and there was other evidence that the plaintiff sustained injuries. One investigating officer opined the cause of the trailer's overturning to be that it was traveling too fast to make the turn, or that the load shifted, or a combination of these two factors. *Held:*

"In order for the direction of a verdict to be error, it must appear that there was some evidence, together with

all reasonable deductions and inferences from it, to support the contentions of the defendant." *Whitaker v. Paden,* 78 Ga. App. 145, 148 (50 SE2d 774).

Code Ann. § 68-1626 (a) (Ga. L. 1953, Nov. Sess., pp. 556, 577, as amended) provides as follows: "No person shall drive a vehicle on a street or highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care."

The only theory advanced for the overturning of the trailer other than excessive speed — improper or overloading, resulting in a shifting of the load — is not supported by evidence. Moreover, even if it is supported by circumstantial evidence, the circumstantial and direct evidence showed the failure of the defendant driver to comply with Code Ann. § 68-1626 (a), supra, which failure, even combined with the other factor, was the proximate cause, since the characteristics of the load were a part of the "conditions" and "actual and potential hazards then existing" which were to govern the rate of speed of the defendants' vehicle. There was no evidence of contributory negligence on the part of the plaintiff, and there was ample evidence of the existence of the plaintiff's personal injuries and property damage.

Accordingly, the direction of the verdict for liability in favor of the plaintiff was not error.

*Judgment affirmed. Deen, P. J., and Evans, J., concur.*

SUBMITTED JULY 1, 1975 —DECIDED SEPTEMBER 2, 1975.

*Rogers, Magruder & Hoyt, J. Clinton Sumner, Jr.,* for appellants.

*Gammon & Anderson, Joseph N. Anderson,* for appellee.