### 51374. AMERICAN OIL COMPANY v. FLOYD.

Evans, Judge.

In 1969, Roscoe Floyd, who was engaged in extensive farming, purchased fertilizer from American Oil Company for use on the Hamn farm. Floyd contends the fertilizer was defective and he refused to pay for same.

American Oil Company sued Floyd on open account. Floyd denied owing the indebtedness and counterclaimed for damages resulting from the use of the defective fertilizer.

After trial, the jury found in favor of Floyd on the counterclaim in the amount of $3,176. Judgment was entered in his favor in accordance with the verdict. Motion for judgment notwithstanding the verdict was denied, and plaintiff appeals. *Held:*

1. The sole grounds of complaint were that the evidence was not sufficient to support the verdict, and plaintiff contends the trial court illegally allowed in

evidence comparison evidence as to the use of fertilizer on other farms in the area. The case is not before us on objection to the above evidence as error, but the sole question is whether or not the evidence was sufficient to support the verdict. To put it another way, did the evidence *demand a finding in favor of the plaintiff?*

2. There was other evidence, and the comparison evidence was not the sole evidence in the case, as to defendant's damages. Defendant testified about his corn crop failure after purchasing liquid fertilizer from plaintiff's agent; he also testified that he contacted the agent who acknowledged something was wrong, and defendant allowed the agent to take soil samples and tissue samples to determine the problem. He also testified as to his lost profits, and as to his costs. There was comparison evidence as to other tracts on defendant's farm and that corn did grow in several rows which were planted without the benefit or detriment of plaintiff's fertilizer, and this corn in the other tracts grew and produced, whereas corn fertilized with plaintiff's fertilizer did not grow and produce.

3. From the evidence submitted, the jury could have decided that plaintiff's fertilizer was not only defective, but was detrimental to the growing of corn. Plaintiff produced a series of experts as witnesses. The evidence would have authorized a jury to find in favor of the plaintiff. Further from the evidence submitted here, the jury could have used its general knowledge and experience which they possess with the rest of mankind, and draw inferences from the connection of cause and effect and their own observations, all of which may go into the finding of a correct verdict. See Code § 38-102; *Hilburn v. Hilburn,* 163 Ga. 23 (2, 3) (135 SE 427).

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

ARGUED OCTOBER 29, 1975 — DECIDED DECEMBER 1, 1975.

*Bennet, Gilbert, Gilbert, Whittle, Harrell & Gayner, John M. Gayner, III,* for appellant.

*Miles & McCoy, Peyton Miles, Jackson S. Cooley,* for appellee.