## 56033. AMERICAN SERVICE COMPANY OF ATLANTA, INC. v. GREEN.

MCMURRAY, Judge.

This case involves certain repairs to an air conditioning system located in a restaurant and lounge. The repair company contends it replaced the compressor and made repairs in the amount of $1,065.24 for which it was paid only $100, leaving a balance of $965.24 due. Approximately nine months later the owner of the place of

business contends that the air conditioning system had again malfunctioned, and he was unable to get the repair company to repair same because he had not paid the open account. He also contends the repair parts were warranted for one year and same were defective.

American Service Company of Atlanta, Inc. sued Bill Green d/b/a Cannon's Pub on open account seeking the sum of $965.24 plus interest and costs. Defendant answered, admitting jurisdiction, the performance of certain services by the plaintiff and providing defendant with certain air conditioning equipment, but alleges said equipment was faulty, failed to operate properly and not at all, and by amendment alleged he was deprived of the use of his air conditioning unit after it malfunctioned "whereby he suffered incidental and consequential damages to loss of business and profits from his business in the amount of . . . $1,000.00 . . ."

The case proceeded to trial. The jury returned a verdict in favor of the plaintiff in the amount of $500, and a judgment for that amount was then entered in favor of the plaintiff.

Plaintiff had, before verdict, moved for a directed verdict in its favor at the close of defendant's evidence which was denied. After the verdict plaintiff moved for judgment notwithstanding the verdict and defendant moved for a new trial. The plaintiff's and the defendant's respective motions were denied after a hearing and the plaintiff appeals, enumerating as errors the denial of its motion for directed verdict and the failure of the court to grant its motion for judgment notwithstanding the verdict. However, the notice of appeal instructed the clerk to omit certain testimony and other parts of the record but stated that the transcript of evidence and proceedings would be filed for inclusion in the record on appeal. The certificate of the reporter then recited that counsel for appellant (plaintiff) had instructed the reporter to omit certain portions of the trial as specified in the notice of appeal, and the reporter so certified that the record is incomplete based upon the instructions of the attorney for the plaintiff. However, an additional transcript has now been added to the record before this court. *Held:*

While plaintiff offered evidence setting forth a prima

facie case, nevertheless, the jury in considering the totality of the evidence offered by plaintiff and defendant, the nature of the repairs and replacement of allegedly new parts (which was denied by defendant), the credibility of the various witnesses, including the expert opinion as to the work performed, this court cannot say that the jury was not authorized to reduce plaintiff's claim to $500 in considering "inferences drawn by human experience from the connection of cause and effect, and observations of human conduct." Code § 38-102; *Ga. R. & Bkg. Co. v. Smith,* 83 Ga. 626 (6) (10 SE 235); *Gordy v. Powell,* 95 Ga. App. 822, 827 (2) (99 SE2d 313); *Harris v. Combs,* 96 Ga. App. 638 (101 SE2d 144); *Hilburn v. Hilburn,* 163 Ga. 23 (2, 3), 26 (135 SE 427); *American Oil Co. v. Floyd,* 136 Ga. App. 804 (222 SE2d 208). The evidence did not demand a judgment in favor of plaintiff for the entire amount sought. *City Council of Augusta v. Hood,* 95 Ga. App. 259 (97 SE2d 639).

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

ARGUED JUNE 8, 1978 — DECIDED JULY 3, 1978.

*William J. Gordon,* for appellant.
*Allen J. Hammer,* for appellee.