## 59149. GARNER v. DRIVER.

MᴄMᴜʀʀᴀʏ, Presiding Judge.

On Wednesday morning, July 13, 1977, at or about 9:30 a.m., a collision of automobiles occurred on Thurmond Road in DeKalb County, Georgia, located in the extreme southwest corner thereof. Thurmond Road at this point is a two-lane blacktop road running generally east and west. The collision involved a 1973 GMC pickup truck, driven by William Parker Driver, and a 1976 Chevrolet Nova sedan automobile, driven by Ples David Garner. A Georgia Power Company work crew was working in the vicinity at or near where the two vehicles collided. There was a double yellow line down the road at this particular point. Both drivers were injured and Mr. Driver's injuries were fatal although he did not die at the scene of the collision.

Thereafter, Ples David Garner, as plaintiff, sued Mrs. Effie Driver, as executrix under the will of William Parker Driver, deceased, seeking damages for personal injury, substantial medical expenses and fair market value of plaintiff's automobile, said damages proximately resulting from the negligence of defendant's decedent, in failing to drive upon the right half of the roadway and driving at a speed greater than was reasonable and prudent under the conditions, both being negligence per se; in failing to keep a proper lookout ahead to avoid colliding with the plaintiff, and directing his truck from the westerly portion of the roadway onto the easterly portion thereof and colliding with plaintiff's vehicle. Plaintiff prayed for $150,000 in damages from the estate of the decedent.

The defendant answered, admitting jurisdiction and qualification as executrix of the estate; and that her decedent died as a result of the head-on collision. She admitted that Thurmond Road at this point is a paved two-lane road, each lane of equal width, on which plaintiff was driving in a northerly direction at approximately 9:50 a.m. on the date in question in an unincorporated area of DeKalb County; but otherwise denied the allegations of negligence of the decedent, and the claim for damages. Defendant further contends that on that date the roadway was partially obstructed by markers and equipment of Georgia Power Company and Southern Bell Telephone & Telegraph Company.

The case proceeded to trial resulting in a verdict and judgment in favor of the defendant. A motion for new trial was then filed and denied, and plaintiff appeals. *Held:*

1. The defendant's decedent was killed or died as a result of the collision, and the defendant offered no testimony. The plaintiff testified that he was on the right side of the road traveling east and

not over the center line when the decedent's car left the lane in which it was traveling west, came over the center line and the two automobiles collided in plaintiff's lane of traffic. He then proceeded to describe the injuries he suffered as a result of the collision. The only other witness was a DeKalb County policeman who testified as to the location of the vehicles when he arrived at the scene and the debris found more or less "strewn all over the road." The Chevrolet automobile (plaintiff's) was half on the roadway and the other half on the shoulder. The pickup truck (defendant's decedent's) had turned in a counterclockwise position and was facing the other lane straddling the lane. From the location of the Georgia Power Company truck, having several traffic cones two feet off the shoulder "on the roadway," the officer witness was of the opinion that it was impossible for the decedent to go around the cones without going into the other lane; that it appeared to him that the driver attempted to do so and the collision occurred. He was unable to testify as to the speed of either vehicle. He testified that the entire front end of the Chevrolet Nova automobile was damaged and the GMC truck was damaged in the front end but more on the driver's corner at an angle, that is, the left hand side of the vehicle. He testified also that in his opinion the collision occurred just inside of the double yellow line in the plaintiff's lane; that in his opinion it was impossible to go around the cones without going into the other lane and the vehicles had collided by reason of the debris which was "strewn all over the road." On cross examination this witness conceded that the debris location could be just as consistent with both vehicles being over the center line as it is with just one of the vehicles being over the center line.

The first alleged errors argued by the plaintiff are with reference to a charge on the law of comparative negligence and plaintiff's contention that the trial court erred in denying his motion for directed verdict as to liability. Plaintiff contends that the trial court erred in charging on comparative negligence since the defendant offered no testimony, and the negligence of the decedent was clearly demonstrated by the testimony of the police officer and the plaintiff, there was no inference of negligence on the part of the plaintiff, and the jury in no way could have made a determination of some negligence on the part of the plaintiff in that the defendant's decedent had turned across the center line and collided with the plaintiff. Plaintiff contends he at no time was able to turn aside, put on the brakes, or do anything else to lessen the impact. However, counsel for plaintiff concedes that the jury would have the right to reject the opinion of the police officer who gave his opinion after noting the position of the automobiles and debris as well as the

location of the Georgia Power Company work crew with cones approximately two feet from the shoulder on the paved portion of the road. Plaintiff argues that it is error to charge on contributory negligence or comparative negligence where there is no evidence of such negligence, citing such cases as *Davis v. Laird,* 108 Ga. App. 729, 733-734 (134 SE2d 467); *Hardwick v. Ga. Power Co.,* 100 Ga. App. 38 (5) (110 SE2d 24); *Parks v. Fuller,* 100 Ga. App. 463 (2) (111 SE2d 755); *Earl v. Edwards,* 117 Ga. App. 559 (1, 2) (161 SE2d 438). He contends further that neither the pleadings nor the evidence discloses the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's decedent's negligence and that the plaintiff in no way contributed to the injuries sustained, citing *White v. Woods,* 135 Ga. App. 618 (218 SE2d 322). We deal with both of these contentions together in this division.

Generally in tort actions questions as to negligence, including contributory and comparative negligence, as to what and whose negligence was the proximate or contributing cause of the injury, are all for jury determination, that is, if there be any evidence to support them. See *Boatright v. Rich's, Inc.,* 121 Ga. App. 121, 122 (2) (173 SE2d 232); *Poss v. Carlton Co.,* 122 Ga. App. 528, 530 (177 SE2d 829). However, the jury was not bound by the opinion testimony of the investigating police officer but was authorized to consider his testimony as to the relevant facts as disclosed by his investigation and make its own interpretation. Under Code § 38-102 the jury as the trier of facts could have drawn inferences from human experience in connection with cause and effect and applied its own opinion from the fact evidence submitted. See in this connection *Tifton Corp. v. Decatur Federal Savings &c. Assn.,* 136 Ga. App. 710 (3) (222 SE2d 115); *American Oil Co. v. Floyd,* 136 Ga. App. 804, 805 (3) (222 SE2d 208); *American Service Co. v. Green,* 146 Ga. App. 552, 554 (246 SE2d 735). Based upon the entire evidence before the court, the trial court did not err in charging on comparative negligence. *Davis v. Hammock,* 123 Ga. App. 33, 36 (179 SE2d 283); *Poss v. Carlton Co.,* 122 Ga. App. 528, 530, supra.

The evidence did not demand a judgment in favor of the plaintiff so as to require direction of a verdict as to liability. All enumerations of error involving these issues are not meritorious. See *Humble Oil &c. Co. v. Mitchell,* 230 Ga. 323 (197 SE2d 126); *Ga. Power Co. v. Nix,* 147 Ga. App. 681, 683 (1) (250 SE2d 17); *Stapleton v. Amerson,* 96 Ga. App. 471, 473 (3) (100 SE2d 628); *Atlanta Coca-Cola Bottling Co. v. Jones,* 236 Ga. 448, 451 (224 SE2d 25). (The Supreme Court reversed the direction of a verdict in favor of plaintiff

as to liability in this rear-end collision case.)

2. Plaintiff next contends that the court erred in charging that if the jury found the evidence evenly balanced upon any issue in this case, then and in such event it would be your duty to resolve such issue against the party having the burden of proof upon such issue. The substance of this charge has been approved in such cases as *Southern R. Co. v. Smalley,* 116 Ga. App. 356, 358 (3) (157 SE2d 530); *Richards v. Harpe,* 42 Ga. App. 123, 126 (12) (155 SE 85); *Ga. Power Co. v. Smith,* 94 Ga. App. 166, 169 (5) (94 SE2d 48). The charge as given was applicable to the facts of the case, is correct as an abstract principle of law, and we find no reversible error in giving this request to charge.

3. The next enumeration of error argued by the plaintiff was that the court erred in charging on the issue of a pre-existing disability. The defendant was contending that all or a part of the complaints of disability of the plaintiff were the result of a pre-existing medical condition which existed prior to the collision. See *Mitchell v. Turner,* 89 Ga. App. 14, 21 (78 SE2d 438); *Whatley v. Henry,* 65 Ga. App. 668, 673 (16 SE2d 214). This question dealt with the amount of damages which the jury might return. Plaintiff was contending that he was in good health and had no problems prior to the collision. However, he then admitted that he had been in the hospital previously and that he had a heart problem. Since the tortfeasor is liable only for the proximate consequences of his wrongful act, we do not think that the court erred in giving this charge. See *Carroll v. Hayes,* 98 Ga. App. 450, 454 (5) (105 SE2d 755); *Crandall v. Sammons,* 62 Ga. App. 1, 5 (2) (7 SE2d 575); *Daigrepont v. Teche Greyhound Lines, Inc.,* 189 Ga. 601, 605 (7 SE2d 174). There is no merit in this complaint.

4. A witness may be impeached by several methods in which an attempt is made to convince a jury that his testimony is unworthy of credit. It is generally a question for the jury as to whether or not a witness has been impeached. The court was clearly authorized to charge on impeachment here. See *Estill v. C. & S. Bank,* 153 Ga. 618 (4), 621 (113 SE 552); *Waycaster v. State,* 136 Ga. 95 (2)(3), 103 (70 SE 883). However, when given a suitable opportunity to make objections to the charge this was not one of plaintiff's exceptions. See Code Ann. § 70-207 (a) (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078); *Jim Walter Corp. v. Ward,* 150 Ga. App. 484, 490 (6) (258 SE2d 159) and cases cited therein. There is no merit in this complaint.

*Judgment affirmed. Deen, C. J., and Sognier, J., concur. Shulman and Birdsong, JJ., concur specially. Quillian, P. J., Smith, Banke and Carley, JJ., dissent.*

SUBMITTED JANUARY 16, 1980 —
DECIDED JULY 15, 1980 —

*Albert B. Wallace,* for appellant.
*Glen Frick,* for appellee.

SHULMAN, Judge, concurring specially.

In my opinion when the police officer testified as follows: "Q. And isn't the debris location just as consistent with both vehicles being over that center line as it is with just one of them being over the center line? A. It could be, yes, sir," an inference could certainly be drawn that there was some question as to who was more negligent. Therefore, since some evidence was presented indicating an inference of possible negligence on the part of the plaintiff, a charge on comparative negligence was justified. I fully agree with the judgment of affirmance.

SMITH, Judge, dissenting.

"Where the pleadings and evidence raise a question as to both plaintiff and defendant being negligent accompanied by a request for a charge on comparative negligence, it is proper for the court to charge such principle." *Southern States, Inc. v. Thomason,* 128 Ga. App. 667 (2) (197 SE2d 429) (1973). However, it is improper to charge on comparative negligence where there is no evidence authorizing such a charge. *Calloway v. Rossman,* 150 Ga. App. 381, 385 (257 SE2d 913) (1979). It is my opinion that a charge on comparative negligence was not authorized by the evidence in this case. I therefore respectfully dissent.

I agree with the majority that "the jury was not bound by the opinion testimony of the investigating police officer but was authorized to consider his testimony as to the relevant facts as disclosed by his investigation and make its own interpretation." However, I find nothing in this or any other testimony which raises a question of negligence on the part of appellant. I conclude that the trial court erred in charging the jury on comparative negligence. *Earl v. Edwards,* 117 Ga. App. 559 (161 SE2d 438) (1968); *Parks v. Fuller,* 100 Ga. App. 463, 467-468 (111 SE2d 755) (1959).

I am authorized to state that Presiding Judge Quillian, Judge Banke and Judge Carley join in this dissent.