## 60915. MATTISON v. TRAVELERS INDEMNITY COMPANY.

McMURRAY, Presiding Judge.

This case arises out of an unfortunate incident on January 7, 1970, in which Thomas E. Mattison, as part owner, officer, manager and employee of a restaurant business known as Bird Cage, Inc., was injured. Mattison was on and about the business of the restaurant known as Bird Cage, Inc., on the day in question and enlisted the aid of a friend, Robert Humphrey, to assist him in driving the business station wagon so that Mattison could avoid parking or stopping in traffic while running errands for the business. Humphrey was not an employee of the restaurant. While Mattison was loading bags of ice into the back of the station wagon on property of Jackson-Atlantic, Inc., Humphrey started the engine. The vehicle backed up and crushed Mattison's legs against the loading platform.

Whereupon Mattison sued Bird Cage, Inc., Jackson-Atlantic, Inc., and Robert Humphrey for personal injuries arising out of this incident on the property of Jackson-Atlantic, Inc.

In *Mattison v. Jackson-Atlantic, Inc.,* 129 Ga. App. 279 (199 SE2d 387), this court affirmed the dismissal of Jackson-Atlantic, Inc., as a defendant on motion for summary judgment as to this freak incident. By brief of counsel for The Travelers Indemnity Co. in the

case sub judice, we are advised that Bird Cage, Inc., the named insured under an automobile liability policy issued by it, was also dismissed from the case by reason of the granting of a summary judgment in its favor.

In April, 1975, Mattison obtained a default judgment solely against Robert Humphrey in the amount of $150,000, although at that particular point in time Humphrey was deceased and the judgment was rendered against Rubye M. Humphrey, administratrix of the estate of Robert Humphrey.

Following this event Mattison brought this action against The Travelers Indemnity Co., setting forth in general the above facts, seeking to recover the judgment against the estate of Robert Humphrey, which remains wholly unsatisfied, contending his claim is based upon an automobile liability insurance policy issued by the defendant, and the policy insured against legal liability incurred by a permissive user (Humphrey) for bodily injury arising out of the use of the automobile. Plaintiff contends the automobile was used and operated with the permission of Bird Cage, Inc., within the scope of such permission and that plaintiff suffered bodily injuries resulting in the judgment as shown, the defendant having breached its insurance contract attached by failing to defend the suit against the insured Humphrey; hence, it cannot insist upon full policy requirements as a condition precedent to recovery; and plaintiff seeks judgment in the amount of $150,000, the costs of this action and attorney fees. The defendant, in general, answered, denying the claim and upon further discovery in the case sub judice, it sought summary judgment contending in substance that Humphrey was not a permissive user of the vehicle and thus did not become an insured under the subject liability policy issued by it to Bird Cage, Inc., and further, at no time had Humphrey sought or elected coverage under the subject policy as an alleged permissive user or performed any act required for coverage under the policy; hence, no coverage obtains under the policy. After a hearing defendant's motion for summary judgment was granted, and judgment was rendered in favor of the defendant. Plaintiff appeals. *Held:*

1. The insurance policy here clearly insures against liability as to any person operating the motor vehicle "with the permission of the named insured." Mattison, the plaintiff, as an officer and agent of the named insured, had given permission to Humphrey (now deceased, but an original defendant in the personal injury case resulting in a default judgment of $150,000) to use the automobile involved in the incident. See also in this connection *Phoenix Ins. Co. v. Bentley,* 126 Ga. App. 857, 859-860 (191 SE2d 887); *Strickland v. Ga. Cas. & Surety Co.,* 224 Ga. 487 (162 SE2d 421), as to express or implied permission to

use an automobile.

The evidence submitted in consideration of the motion for summary judgment is controverted that on the fateful day in question Humphrey had been given express permission to drive the station wagon, property of the Bird Cage, Inc., insured by defendant for liability. For the purpose of summary judgment consideration a statement found in the record obtained from Humphrey after the incident apparently during the investigation by the defendant discloses that he stated that he was requested by Mattison, at the time of the unfortunate incident, "to crank the car to let it warm the inside" as it was a very cold day, "below freezing." While some of this information and the evidence of Mattison is in conflict, the testimony of Mattison is that he had requested Humphrey to control the automobile while he left it in traffic, ostensibly to drive it in the event that it was necessary that he do so. While there is conflicting testimony as to the express or implied permission with reference to the use of the station wagon in question at the time of the fateful incident, there is testimony from which a jury might determine that Humphrey was a permissive user at that point in time when Mattison was injured, Humphrey having previously been put in charge of the vehicle but Mattison having then driven it to the premises of Jackson-Atlantic, Inc., and was in the process of loading ice into the vehicle at the time he was injured. Clearly an inference has been made by the evidence that there had been no withdrawal of the permissive use given Humphrey to drive and to use the vehicle inasmuch as the evidence on summary judgment does not disclose that Mattison never advised him not to again drive the automobile. On the contrary the statement obtained from Humphrey (now deceased) and found in this record contains an inference against defendant's interest that Humphrey was requested by Mattison to crank the automobile and allow it to warm the inside of the vehicle. See in this connection *American Employers Ins. Co. v. Johns,* 122 Ga. App. 577, 580 (178 SE2d 207); and *Md. Cas. Co. v. U. S. Fidelity & Guaranty Co.,* 91 Ga. App. 635 (86 SE2d 801). "Presumptive evidence consists of inferences drawn by human experience from the connection of cause and effect, and observations of human conduct." Code § 38-102. Such evidence is for jury determination for a jury is required to "consider that evidence [presumptive] in the light of their experience . . . in the affairs of life." *Hilburn v. Hilburn,* 163 Ga. 23 (3), 24 (135 SE 427). See also *American Oil Co. v. Floyd,* 136 Ga. App. 804, 805 (3) (222 SE2d 208); *American Svc. Co. v. Green,* 146 Ga. App. 552 (246 SE2d 735), and cases cited at page 554.

We also have for consideration here the doctrine of presumption of continuity, that is, that a state of things once existing is presumed

to continue until a change occurs. See *Anderson v. Blythe,* 54 Ga. 507, 508; *Coleman & Burden Co. v. Rice,* 105 Ga. 163 (31 SE 424); *Tippins v. Lane,* 184 Ga. 331 (3) (191 SE 134); *Clark v. Baker,* 186 Ga. 65, 74 (196 SE 750); *Glenn v. Tankersley,* 187 Ga. 129, 130 (7) (200 SE 709); *Sears, Roebuck & Co. v. Wilson,* 215 Ga. 746, 753 (113 SE2d 611); *Wilkins v. Ga. Cas. Co.,* 19 Ga. App. 162, 165 (91 SE 224); *Griffin v. Miller,* 29 Ga. App. 585 (116 SE 339); *Roberts v. Hill,* 81 Ga. App. 185 (2) (58 SE2d 465). Accordingly, it was a question for jury determination as to whether Humphrey was still a permissive user of the automobile at the time of the injury. In considering a motion for summary judgment the opposing party must be given the benefit of all reasonable inferences which may arise from the evidence. *Curry v. Durden,* 103 Ga. App. 371 (1) (118 SE2d 871); *McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178, 179 (1) (129 SE2d 408); *Northwestern Univ. v. Crisp,* 211 Ga. 636, 647 (88 SE2d 26).

2. We next consider the issue as to whether Humphrey (now deceased) was required to notify the defendant that he elected or requested the defendant to defend him in the lawsuit and give him the protection offered by this liability policy as a permissive user; thus waiving any coverage under the policy. There is ample evidence to establish that plaintiff's counsel (representing Mattison) had repeatedly notified counsel for defendant of the lawsuit during this lengthy litigation. Counsel appointed by the defendant had also represented the defendant Bird Cage, Inc., the named insured in this lawsuit. Counsel for defendant declined at all times to defend Humphrey or his estate as a permissive user under the policy and was aware of his claim as such permissive user. Plaintiff's counsel also on behalf of Mattison, also an insured, notified defendant of its duty "to come in and defend . . . Humphrey or his estate." By brief defendant in this court recites that it was successful in obtaining a summary judgment in the case as to the defendant Bird Cage, Inc. Thus the key question is not as to who gave notice of the lawsuit and claim so long as notice is given in a reasonable and timely manner. In *Stonewall Ins. Co. v. Farone,* 129 Ga. App. 471, 474 (199 SE2d 852), this court has approved the view that "it makes no difference who gives the notice, so long as a reasonable and timely notice is given the company and . . . [the insurer] . . . has actual knowledge of the pendency of a claim or suit." There is no doubt from the evidence here in the record that the defendant was fully aware of the facts and circumstances surrounding the injury to Mattison and had investigated same thoroughly to determine its liability under its insurance contract with reference to the various defendants all of whom could possibly be either the named insured or insured under the policy. See *Public Nat. Ins. Co., v. Wheat,* 100 Ga. App. 695 (5), 697 (112 SE2d 194).

Consequently, we are faced here with the issue of whether the insurer (defendant) breached the policy of insurance by refusing to defend Humphrey by making a determination from its investigation that its protection did not extend to him as a permissive user which, if it be determined by the jury that Humphrey was a third' party beneficiary as a permissive user would require the insurer to defend the lawsuit, it having obligated itself under the policy so to do. See in this connection *Liberty Mut. Ins. Co. v. Atlantic Coast Line R. Co.,* 66 Ga. App. 826, 833-834 (2) (19 SE2d 377); *Hanover Fire Ins. Co. v. Scroggs,* 90 Ga. App. 539, 540 (3), 547 (83 SE2d 295).

Consequently, there being some evidence that the insurer had refused to consider Humphrey as an insured, an issue of fact remains as to whether same constituted a waiver of the policy requirements as to notice, proof of loss, the failure of Humphrey to make an election of coverage since there is some evidence that the defendant during its investigation had made a determination not to defend the lawsuit as to Humphrey. As issues of material fact remain for determination by a jury, both as to permissive user and waiver of any conditions precedent with reference to the insurance policy the trial court erred in granting summary judgment.

*Judgment reversed. Banke and Pope, JJ., concur.*

DECIDED FEBRUARY 5, 1981 —

*Richard N. Hubert, James W. McKenzie, Jr.,* for appellant. *J. Bruce Welch, Michael J. Goldman,* for appellee.