65846. FOIST et al. v. ATLANTA BIG BOY MANAGEMENT, INC. et al.

DEEN, Presiding Judge.

Janice Foist and her husband Charles brought suit against appellee after she slipped and fell in a Shoney's restaurant on May 20, 1980. A jury awarded Mrs. Foist $115 and nothing to her husband in his suit for loss of consortium.

1. It was not error for the trial court to sustain appellee's

objection to Mrs. Foist's testimony as to her medical treatment. The testimony consisted of a description of the treatment given by her physician and was interwoven with her account of conversations she had with him. While it is permissible for a plaintiff to testify as to treatment she received, *Fox v. Hartford Accident & Indemnity Co.,* 130 Ga. App. 104 (202 SE2d 568) (1973), testimony as to conversations with the physician is clearly hearsay. Appellants argue that the witness was attempting to establish the course of conduct exception to the hearsay rule in order to show why she was referred to a neurosurgeon.

After the objection was sustained, the court offered to allow counsel the opportunity to perfect the record at a later time. Mrs. Foist then went on to testify that her doctor released her to go back to work; that she went to see the neurosurgeon in July because she could not stand the back pain any longer; and that he had treated her previously for injuries sustained in a 1979 automobile accident. An examination of the transcript shows that the jury was adequately presented with an account of her injuries and that she testified as to the disabilities resulting from the fall. The transcript further shows that when counsel was given the opportunity to perfect the record the court asked him to tender the question again outside the presence of the jury. The court reporter then read the question and counsel stated: "I apologize to the court. I thought my remembrance was not — I waive the response." We must therefore find that counsel waived his objection to the court's ruling.

Even assuming the testimony was admissible as an exception to the hearsay rule, we fail to see how appellants were harmed by the court's ruling. Mrs. Foist's later testimony shows she was able to get the desired evidence as to the reason she went to a neurosurgeon before the jury.

2. The trial court did not err in charging the jury on accident, and such an instruction was not harmful in view of a verdict for the plaintiff.

If a jury can find from the evidence that neither party is negligent, it can find that the injury resulted from an accident, and the trial court is authorized to give a charge on accident. *Garrison v. Rich's, Inc.,* 154 Ga. App. 663 (269 SE2d 513) (1980); *Delk v. Sellers,* 149 Ga. App. 439 (254 SE2d 446) (1979). Moreover, as appellants have failed to show how this charge was harmful this enumeration is without merit. *Best Concrete Prods. Co. v. Medusa,* 157 Ga. App. 97 (276 SE2d 147) (1981); *Bhatia v. West Cash &c. Building Materials of Savannah,* 157 Ga. App. 145 (276 SE2d 656) (1981). The award of damages in favor of Mrs. Foist indicates that the jury did not consider the fall to be an accident.

3. In their final enumeration of error, appellants contend that the court erred in its jury charge on proximate cause and aggravation of preexisting injury.

The evidence showed that less than one year prior to her fall in the restaurant, Mrs. Foist was involved in an automobile accident and sustained injuries to her back and legs. The surgery which she underwent after her fall in the restaurant was the same surgery that had been recommended prior to the fall. On direct examination, Mrs. Foist testified that they had received $8,000 in settlement for injuries received in the automobile accident. The surgeon testified that he was unaware that she had sustained a fall subsequent to the automobile accident.

The court charged that the plaintiff could recover for preexisting injuries only to the extent they were aggravated by the fall, and that any portion of the injuries which was not caused by an act or omission on the part of Shoney's was not compensable in the present lawsuit. The charge was a correct statement of the law. *Mitchell v. Turner,* 89 Ga. App. 14 (78 SE2d 438) (1953); *Garner v. Driver,* 155 Ga. App. 322 (270 SE2d 863) (1980). The jury was also instructed that it could award damages for any aggravation of a preexisting condition, but not for the original injury itself. It is well established that when the charge is considered as a whole and it is an accurate statement of the law and is not incomplete or confusing, the judgment will not be disturbed. *Coffeen v. Doster,* 161 Ga. App. 529 (288 SE2d 327) (1982); *Gibson Prods. of Gainesville v. Rowe,* 159 Ga. App. 529 (284 SE2d 43) (1981); *Essig v. Cheves,* 75 Ga. App. 870 (44 SE2d 712) (1947); *Richter v. Atlantic Co.,* 65 Ga. App. 605 (16 SE2d 259) (1941). The jury verdict indicates that it found that the fall did not aggravate her preexisting condition. The award of $115 was the amount she was billed by her physician for treatment received the day after she fell in the restaurant.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED APRIL 18, 1983.

*Clifford H. Hardwick,* for appellants.
*Gregory J. Diegal, Newton M. Galloway,* for appellees.