24636.   STRICKLAND et al. v. GEORGIA CASUALTY &
SURETY COMPANY et al.

ARGUED MAY 14, 1968—DECIDED JULY 2, 1968—
REHEARING DENIED JULY 16, 1968.

*McDonald & Mills, J. C. McDonald, Ben Mills, George R. Jacob, Powell, Goldstein, Frazer & Murphy, C. B. Rogers, David Aufdenspring,* for appellants.

*William G. Scranton, Jr., James H. Blanchard, Swift, Pease, Davidson & Chapman,* for appellees.

UNDERCOFLER, Justice.   This is an action by an insurer for declaratory judgment upon its automobile liability insurance policy.   The appeal is from the striking of the defenses asserting that the petition fails to state a claim upon which relief can be granted and that it requests an advisory opinion, the granting of plaintiff's motion for summary judgment, and the issuance of a permanent injunction.

The petition alleges that the vehicle described in said policy was involved in a collision with another vehicle; that as a result thereof suits for damages have been filed against one Williams, the driver of the vehicle, one Carter, an occupant of the insured vehicle, both of whom are employees of the named insured, and the named insured; that at the time of the collision Williams did not have permission to drive the vehicle but had been specifically forbidden to drive it; that Carter knew of this prohibition and did not have permission to allow him to drive it; and that neither Williams nor Carter had permission to use said vehicle within the scope of his employment as alleged in said damage suit.   The petitioner prayed for a judgment decreeing that

it was not required to defend the suits against Williams and Carter or to pay any judgment that might be rendered against them therein.

The controversy is concerned with the following provision of the policy commonly referred to as the "omnibus clause":

"Definition of Insured: (a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either."

The evidence shows that the named insured used said vehicle in his business; that it was a practice to allow Carter, one of his employees, to use the insured vehicle to transport himself and other employees to and from their homes and place of work and to keep the vehicle overnight at his home; that the named insured had forbidden Williams, also an employee, to drive the vehicle and this fact was known to Carter; that prior to the collision Williams, Carter, and others, after leaving their work went "joyriding" in the vehicle, but at the time of the collision the vehicle was being driven by Williams with Carter accompanying him and was proceeding from Williams' home to Carter's home along the road normally traveled. The evidence is conflicting as to whether or not Carter had permission from the named insured to use the vehicle on this occasion. There is no evidence as to whether the named insured's spouse had or had not granted such permission.

■ In a declaratory judgment action, "Matters which may be fairly inferred from the facts alleged may be regarded as sufficiently pleaded as against a demurrer." Anderson on Declaratory Judgments (2d Ed.), 742, § 318. We find that the petition alleges that neither the named insured nor his spouse had granted any permission, either express or implied, to Williams or Carter, to use the vehicle. Accordingly, there is a justiciable controversy in the instant case and the petition states a claim upon

which relief can be granted. *Mensinger v. Standard Acc. Ins. Co.*, 202 Ga. 258 (42 SE2d 628); *St. Paul Fire &c. Ins. Co. v. Johnson*, 216 Ga. 437 (117 SE2d 459). See *Ditmyer v. American Liberty Ins. Co.*, 117 Ga. App. 512 (1) (160 SE2d 844). Therefore, Enumerations of error numbers 7 and 8 are without merit.

■ The question is raised as to whether or not coverage under the omnibus provision of the policy is extended where the vehicle is being used for a permitted purpose by a driver expressly prohibited from operating it. In our view the answer must be determined by the meaning of the words "actual use" as contained in the omnibus clause.

"The cardinal rule of construction [of contracts] is to ascertain the intention of the parties." *Code* § 20-702. "Words which admit of a more extensive or more restrictive signification must be taken in that sense which will best effectuate what it is reasonable to suppose was the real intention of the parties." 17 AmJur2d 639, § 247.

Initially, we see no distinction between the words "actual use" and "use." "The omnibus clause requirement that the 'actual use' of the automobile must be with the permission of the named insured has not been a matter of particular discussion in the great majority of the cases . . . and it appears that the courts ordinarily have not regarded that term, as distinguished from the word 'use' as being one of special signficance." 4 ALR3rd 29, § 3 (a).

The word "use" has two meanings which are pertinent to this inquiry. In one sense it relates to the operation of the vehicle. In the other sense it relates to the purpose served by the vehicle. Appellee contends that the policy requires permission of the named insured in both senses before its coverage is extended. The appellant contends that the policy only requires permission for the purpose to be served.

We hold that the contention of the appellant is correct. The policy, among other things, insures against obligations arising from the negligent or unlawful operation of the described vehicle. Under appellee's contention, if the named insured permitted the use of the vehicle and at the same time prohibited its negligent

or unlawful operation, it would defeat the very purpose of the policy. Therefore, the "actual use" of the vehicle within the meaning of the policy cannot reasonably relate to the particular manner of its operation. At most it could relate only to whether or not permission to operate the vehicle had been given. And even this would have no application to the first permittee who had been given permission to use the vehicle for a particular purpose since such authorization necessarily implies permission to operate the vehicle. Furthermore, the policy provides: "The purposes for which the automobile is to be used are 'business and pleasure.'" This indicates to us that the policy is concerned with the purpose to be served by the vehicle and not its operation. If the policy intended that "actual use" included the operation of the vehicle, it could have stated so plainly.

As was said in Maryland Casualty Co. v. Marshbank, 226 F2d 637, 639, "As the basis for a contrary conclusion the plaintiff seeks to read the term 'use of the automobile' as contained in the policy definition as the equivalent of 'operation of the automobile' and on this premise it argues that Marshbank did not give permission to Charles to operate his automobile. We think, however, that the premise is unsound and that the plaintiff is attempting to create an ambiguity in the language of the policy definition in order by construction to resolve it in its favor. To us the language of the clause seems so clear as to require no construction. The fallacy in the plaintiff's position is that the words 'use' and 'operation,' which it seeks to equate as synonymous, are in this setting words of quite different meaning. For the 'use' of an automobile by an individual involves its employment for some purpose or object of the user while its 'operation' by him involves his direction and control of its mechanism as its driver for the purpose of propelling it as a vehicle. It is perfectly clear that an automobile is being used by an individual who is traveling in it regardless of whether it is being operated by him or by another."

In Persellin v. State Automobile Ins. Assn., 75 N. D. 716, 721 (32 NW2d 644), it was stated: "In addition to the named insured, it [the policy] makes both persons using the automobile and persons responsible for the use thereof insured persons, if

but one condition be met. That condition is that the actual use of the automobile be with permission of the named insured. There is no condition that the driving or operation of the car must be with the permission of the named insured, and no condition that a person, other than the user . . . must have the permission of the named insured." This statement was approved in Loffler v. Boston Ins. Co. (Mun. Ct. App. D. C.) (120 A2d 691) where it was also said: "In the case before us it seems clear that the car was being used by the insured's son for the very purpose for which permission had been granted. He did not, by the mere act of turning the wheel over to his companion, convert the automobile to a different use. . . While it is true a car cannot be operated without being used, the converse is not true." Baesler v. Globe Indemnity Co., 33 N. J. 148 (162 A2d 854); Hardware Mutual Casualty Co. v. Mitnick, 180 Md. 604 (26 A2d 393).

"The 'general rule' that a permittee may not allow a third party to 'use' the named insured's car has generally been held not to preclude recovery under the omnibus clause where (1) the original permittee is riding in the car with the second permittee at the time of the accident, or (2) the second permittee, in using the vehicle, is serving some purpose of the original permittee. The courts generally reason that under such circumstances the second permittee is 'operating' the car for the 'use' of the first permittee and that such 'use' is within the coverage of the omnibus clause. While some courts apparently would limit this qualification of the general rule to situations where the named insured has not specifically forbidden driving by a third person, it is more generally held that operation by a third person under such circumstances falls within the protection of the omnibus clause even where such operation is specifically forbidden by the named insured." 7 AmJur2d 435, § 117.

"The omnibus clause has been held to cover the liability of an original permittee arising from the operation of the insured automobile by another with his consent, even though the named insured prohibited him from allowing anyone else to drive, where the use to which the car was being put was within the scope of the initial permission and the first permittee was

riding in the car or its operation by the second permittee was for his benefit or advantage." 4 ALR 3rd 41, § 6 (b), 4 ALR3d 72, § 12 (b).

We conclude that the "actual use" contemplated and intended by the policy refers only to the purpose to be served and not the operation of the vehicle.

■ The pleadings and the evidence raise genuine issues of material fact as to whether or not the named insured or his spouse expressly or impliedly had granted any permission to Williams or Carter to use the vehicle and if so whether it was being used within such permission at the time of the collision. Accordingly, the trial court erred in granting the motion for summary judgment and in issuing a permanent injunction.

*Judgment affirmed in part; reversed in part. All the Justices concur, except Mobley and Frankum, JJ., who dissent.*