43705. COTTON STATES MUTUAL INSURANCE COMPANY et al. v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al.

ARGUED JUNE 4, 1968—DECIDED OCTOBER 7, 1968.

452

*Neville & Neville, W. J. Neville, Anderson & Sanders,* for appellants.

*Hitch, Miller, Beckmann & Simpson, Luhr G. C. Beckmann, Robert S. Lanier, Allen & Edenfield, Ralph U. Bacon,* for appellees.

BELL, Presiding Judge. The omnibus clause used in the policy before us is substantially similar to the one dealt with in *Strickland v. Ga. Cas. &c. Co.,* 224 Ga. 487 (162 SE2d 421). The Supreme Court, interpreting the term "actual use" as contained in the omnibus clause, held that those words referred to the purpose for which permission was given and not to the operation of the vehicle. Pp. 489-492. As to the distinction between "using" and "operating" an automobile, see Anno. 160 ALR 1195, 1204.

In several cases in which this court considered the issue whether a person other than the original permittee was using a loaned automobile with permission of the owner, the court apparently proceeded on the assumption that "use" of the automobile, within the meaning of the omnibus clause, included its manner of operation. See *Western Cas. &c. Co. v. Strozier,* 67 Ga. App. 41 (19 SE2d 433); *Drake v. General Acc. &c. Corp.,* 88 Ga. App. 408 (77 SE2d 71); *Maryland Cas. Co. v. U. S. Fidelity &c. Co.,* 91 Ga. App. 635 (86 SE2d 801). It is not necessary to overrule those cases, but we wish to point out that the assumption implicit in them is an erroneous one in view of the holding of the Supreme Court in the *Strickland* case.

The owner of the vehicle, Kelly, did not have specific knowledge that Fred Hagins was assisting his father with chores on the farm. It appeared also that Fred was a minor, 17 years old, and was not licensed to drive a motor vehicle. These facts would tend to refute the idea that operation of the vehicle by

him was with implied consent of the owner. However, under the *Strickland* case, it would be irrelevant whether or not Fred was operating the vehicle with Kelly's permission. It would be irrelevant even if he had been expressly forbidden to drive the vehicle. Under any reasonable construction of the evidentiary matter considered on motion for summary judgment, it appeared that if Johnny Hagins was not granted a general use of the truck without restriction, at least he had permission to use it for the purpose of his employment. The depositions and affidavits show without issue that the vehicle was being used for that purpose at the time of the collision, though it was being operated by one without express permission, and probably without implied permission to drive it. As the vehicle was being used for a permitted purpose, coverage was extended to Fred Hagins under the omnibus clause of Kelly's automobile insurance policy.

The court did not err in granting plaintiff's motion for summary judgment.

*Judgment affirmed. Hall and Quillian, JJ., concur.*