### 50544. ALLSTATE INSURANCE COMPANY v. MARTIN et al.

MARSHALL, Judge.

The determining issue in this case is whether, under the facts existing in the transcript, an automobile was being operated within its permitted purpose at the time it was involved in a tragic accident. If so, the ensuing damages are insured by the omnibus clause in Allstate's

automobile liability policy issued to the owner — the named insured. There is no disagreement to the fact that the son of the named insured was furnished the car for the son's general use and transportation. The son had little limitation on his permitted use and no limitation at all which could affect the decision here. Thus, the son had authority within his own permitted purpose to extend to others a permitted use of the car so as to cause the car to be insured under the omnibus clause. However, if the car was used by others in a manner which was not within the permitted use authorized by the father to the son and in turn by the son to others, then the driver of the automobile was not an insured. These facts are undisputed: The son and other friends were at the son's home; a friend asked the son " 'May I borrow your car to take Ginny home?' Then I [son] said, 'Well, how long are you going to be gone?' He [friend] said, 'Not long at all. I will be right back' "; that Ginny lived between a mile and a mile and a half from the son's home; that the son left his home before the friend returned with the car but that the son had instructed a second friend to get the keys to the car from the first friend when he returned; that the second friend asked the first friend to deliver the keys in accordance with these instructions but the first friend refused to do so. Obviously, the above evidence established and limited the bounds of the permitted purpose for which the son consented for his friend to use the car. This limitation of permitted use was "to take Ginny home" a distance of "a mile to a mile and a half" away and to return the car in a time "not long at all" as "I will be right back." There is undisputed evidence that the friend departed from this permitted purpose and was outside the permitted purpose when the tragic accident occurred. This evidence shows that the friend, on returning to the son's home after taking Ginny home and thus ending his permitted use of the car, refused to deliver the keys to the second friend in accordance with the son's instructions and embarked on a totally unrelated and unpermitted use of the car. He drove the car to The Varsity, for which he was not given authority, and then toward Chastain Park finally ending the journey in the tragic accident an estimated 30 miles from the son's home. Thus, the car at the time of the

accident was not being used within the permitted purpose as defined in *Strickland v. Ga. Cas. &c. Co.*, 224 Ga. 487 (162 SE2d 421); *Cotton States Mut. Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 118 Ga. App. 451 (164 SE2d 262); *Hemphill v. Home Ins. Co.*, 121 Ga. App. 323 (174 SE2d 251). Thus, the evidence demands the finding that the driver of the automobile in question was not an insured under the omnibus clause of the Allstate insurance policy being sued upon and the judgment of the trial court is reversed with direction to the trial court to grant plaintiff's motion for a directed verdict.

*Judgment reversed with direction. Bell, C. J., and Webb, J., concur.*

ARGUED MAY 5, 1975 — DECIDED OCTOBER 10, 1975 — REHEARING DENIED OCTOBER 22, 1975 —

*Long, Weinberg, Ansley & Wheeler, Palmer H. Ansley,* for appellant.

*Custer & Smith, Donald D. Smith, James E. Hardy, Robert B. Bach, Greer & Klosik, Richard Greer, Savell, Williams, Cox & Angel, Edward L. Savell, Elmer L. Nash, Swift, Currie, McGhee & Hiers, Warner L. Currie, Samuel P. Pierce, Jr.,* for appellees.