## 30689. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. ALLSTATE INSURANCE COMPANY et al.
## 30691. MORELAND et al. v. ALLSTATE INSURANCE COMPANY.
## 30692. MARTIN et al. v. ALLSTATE INSURANCE COMPANY.
## 30702. UNITED SERVICES AUTOMOBILE ASSOCIATION v. ALLSTATE INSURANCE COMPANY et al.

JORDAN, Justice.

Certiorari was granted in these cases to review the decision of the Court of Appeals in *Allstate Ins. Co. v. Martin,* 136 Ga. App. 257 (220 SE2d 732) (1975).

Allstate Insurance Company brought an action for declaratory judgment against persons who were suing for damages because of deaths and injuries resulting from an automobile accident, and against two insurance companies. The question for determination was whether the omnibus clause of Allstate's policy insured the driver of the automobile at the time of the accident. This clause insured any other person, in addition to the insured owner, driving the automobile "provided the actual use thereof is with the permission of the named insured."

After careful consideration of the opinion of the Court of Appeals, we have concluded that it correctly determined under the facts of this case that Allstate's omnibus clause did not insure the driver of the automobile at the time of the accident.

The circumstances under which the driver obtained the automobile are related in the opinion of the Court of Appeals. Briefly stated, the facts are: The owner of the automobile was insured by Allstate. He had permitted his son to use the automobile for general purposes. The son permitted a friend to use the automobile to drive a short distance to take a young woman home from a party at the son's home. When the friend returned to the son's home, the son was not there. The friend then took three young men with him and made an extended trip which was entirely without the permission of the son, and was not for the benefit of either the owner or his son. The tragic

accident occurred approximately 30 miles from the home of the owner and his son.

The recent decision of this court in *Phillips v. Dixon,* 236 Ga. 271 (1976), dealt with somewhat related issues under the family purpose doctrine. We call attention to the fact that in that decision we left open a determination of the correctness of the decision of the Court of Appeals in *Trust Co. v. Howard,* 130 Ga. App. 725 (204 SE2d 499) (1974).

*Judgment affirmed. All the Justices concur, except Nichols, C. J., Undercofler, P. J., and Gunter, J., who dissent.*

ARGUED MARCH 9, 1976 — DECIDED APRIL 6, 1976 — REHEARING DENIED APRIL 27, 1976 IN CASES NOS. 30689, 30692 AND 30702.

*Greer & Klosik, Richard G. Greer,* for appellant (case no. 30689).

*James E. Hardy,* for appellants (case no. 30691).

*Swift, Currie, McGhee & Hiers, Warner S. Currie, Samuel P. Pierce, Jr., Custer & Smith, Donald D. Smith,* for appellants (case no. 30692).

*Savell, Williams, Cox & Angel, Edward L. Savell, Elmer L. Nash,* for appellant (case no. 30702).

*Long, Weinberg, Ansley & Wheeler, Palmer H. Ansley, Robert E. Bach,* for appellees.