## 55961. UNITED SERVICES AUTOMOBILE ASSOCIATION v. SENTRY INDEMNITY COMPANY et al.
## 56055. SENTRY INDEMNITY COMPANY v. UNITED SERVICES AUTOMOBILE ASSOCIATION et al.

BANKE, Judge.

United States Automobile Association (U.S.A.A.), the appellant in the main appeal, filed a petition for declaratory judgment to determine its obligations to the

appellees, Cathy McLaughlin and John S. McJenkin, on an automobile liability insurance policy. Sentry Indemnity Co., the cross appellant, filed a petition for declaratory judgment regarding its obligation to defend McLaughlin in a suit for damages filed by McJenkin. Both insurers moved for summary judgment. The trial judge denied their motions, whereupon these appeals were filed. *Held:*

1. U.S.A.A. insured a Saab automobile which was owned by the Oldfields and which they were interested in selling. Joan Marie Brabham sought and received Mrs. Oldfield's permission to test drive the automobile. Brabham drove the car to a nearby school where she permitted her friend Cathy McLaughlin to drive the car. John McJenkin was injured when he fell off the trunk of the car as it was being driven by McLaughlin. The main issue raised by U.S.A.A. on appeal is the validity of the trial judge's ruling that its policy provides coverage for the accident.

Brabham stated in her deposition that she had no prearranged plans to meet McLaughlin. She also testified that McLaughlin asked her if she could drive the car, that she said "Sure," and that they were going to a restaurant. McLaughlin stated that she could not remember if she asked Brabham if she could drive the car and that she did not recall that they had discussed where she would drive the car. She did testify, however, that she had intended only to drive the car to the end of the lane behind the school. McJenkin testified that when he hopped onto the trunk of the car, he did not know where McLaughlin was going but suspected that "she was just going to go down the lane." At other points in his deposition he testified that he and some other boys jumped on the trunk because they were going to the Burger King.

Mrs. Oldfield admits that when she turned the car over to Brabham for the purpose of test driving it, she imposed no specific time or other restraints on her. Thus, if McLaughlin was operating the car within its permitted purpose (test driving) at the time of the accident, she would also qualify as an insured driver under U.S.A.A.'s policy insuring the Oldfields' car. See *Strickland v. Ga. Cas. &c. Co.,* 224 Ga. 487 (2) (162 SE2d 421) (1968);

*Hemphill v. Home Ins. Co.,* 121 Ga. App. 323 (1) (174 SE2d 251) (1970); *Allstate Ins. Co. v. Martin,* 136 Ga. App. 257 (220 SE2d 732) (1975) (affd. by the Supreme Court in *State Farm Mut. Auto. Ins. Co. v. Allstate Ins. Co.,* 236 Ga. 710 (225 SE2d 1) (1976)).

In *Allstate Ins. Co. v. Martin,* supra, it was undisputed that the father, owner of the automobile liability policy, had turned the insured car over to his son for the son's general use and transportation. As Judge Marshall, now Justice Marshall, wrote in that case: "Thus, the son had authority within his own permitted purpose to extend to others a permitted use of the car so as to cause the car to be insured under the omnibus clause. However, if the car was used by others in a manner which was not within the permitted use authorized by the father to the son and in turn by the son to others, then the driver of the automobile [at the time of the accident] was not an insured." *Allstate Ins. Co. v. Martin,* supra, at p. 258. The court then found that under the facts of that case the driver of the car at the time of the accident was not insured.

As revealed by the depositions of the parties, a genuine issue of material fact is raised in this case as to whether McLaughlin was test driving the car at the time of the accident or whether she was driving the car for the purpose of a pleasure trip to a restaurant. She is an insured driver under the Oldfields' U.S.A.A policy only if she was test driving the car for Brabham. Thus, the trial judge erred in ruling on summary judgment that the omnibus clause in the Oldfields' policy provided coverage for this accident. His denial of U.S.A.A.'s motion for summary judgment was, however, correct. See *Strickland v. Ga. Cas. &c. Co.,* supra, Division 3.

2. Any damages which McJenkin, the injured boy, may be entitled to receive from U.S.A.A. depends on his status as an eligible injured person under the Oldfield policy. An eligible injured person is "any other person who sustains bodily injury while occupying . . . the insured motor vehicle." Occupying is defined as meaning ". . . in or upon, or engaged in the immediate act of entering into or alighting from." Part II, coverage C of the policy provides that coverage is extended to occupants sustaining bodily

injury while occupying the insured car while it is being used by "any other person with the permission of the named insured ... but only if ... the use is within the scope of such permission." Thus, if the jury finds that McLaughlin was not operating the car within a permitted use, it is clear that McJenkin could not recover damages under the U.S.A.A. policy. See also *Allstate Ins. Co. v. Martin,* supra.

The depositions in this case have also revealed the existence of a genuine issue of material fact as to whether McJenkin was riding on the trunk of the insured car with permission of its operator, McLaughlin, or in contravention of her and Brabham's express direction to get off. If at trial the jury finds that McLaughlin was an insured driver and that McJenkin was an unauthorized occupant, the legal effect of this later finding on McJenkin's eligibility for damages must be determined.

3. The summary judgment was entered on January 27, 1978. U.S.A.A. filed its notice of appeal on February 24, 1978. Sentry Indemnity Company filed a cross appeal on March 3, 1978, 39 days after the judgment had been rendered. The cross appeal seeks reversal of that portion of the summary judgment holding Sentry potentially liable for the accident under a policy of insurance which it had issued to Gloria L. McLaughlin, Cathy McLaughlin's mother.

"[A] cross appeal can be taken only against an appellant, and not against a coappellee, except where a statute permits the grant of a cross appeal against either." 4 CJS 139, Appeal & Error, § 35. Accord, *McMullen v. Butler & Co.,* 117 Ga. 845 (3) (45 SE 258) (1903). Accordingly, Sentry cannot use the vehicle of a cross appeal to attack rulings in favor of its coappellees, the McLaughlins and the McJenkins. It could only attack rulings adverse to it and favorable to U.S.A.A., the main appellant, by way of cross appeal. Since Sentry's notice of cross appeal was not filed in time to constitute a valid notice of appeal from the summary judgment, the cross appeal must be dismissed. The effect of this dismissal is to affirm the trial judge's order finding that the accident is covered by Sentry's policy issued to Gloria McLaughlin

and finding that Sentry has a legal obligation to undertake the defense of its insured driver, Cathy McLaughlin.

If at trial the U.S.A.A. policy is found to provide coverage for the accident, a determination should be made as to whether the two policies provide coequal coverage for the accident or whether one policy is liable only for damages in excess of the liability limits of the policy primarily liable.

*Judgment affirmed in part, reversed in part on main appeal; cross appeal dismissed. Deen, P. J., and Smith, J., concur.*

ARGUED JUNE 5, 1978 — DECIDED
SEPTEMBER 14, 1978.

*Adams, Adams, Brennan & Gardner, Richard A. Rominger, Kathleen Horne,* for appellant (Case No. 55961).

*Hunter, Houlihan, Maclean, Exley, Dunn & Connerat, Spencer Connerat, Jr., Falligant, Kent & Toporek, Charles W. Barrow, Philip L. Merkel, John H. Oldfield, Jr., Robert Goldstucker,* for appellees (Case No. 55961).

*Spencer Connerat, Jr.,* for appellant (Case No. 56055).

*Richard A. Rominger, Charles W. Barrow, Philip L. Merkel, John H. Oldfield, Jr., Kathleen Horne,* for appellees (Case No. 56055).