77771. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. ALLSTATE INSURANCE COMPANY et al.

(379 SE2d 619)

BEASLEY, Judge.

Defendant Georgia Farm appeals the order granting plaintiff Allstate's motion for summary judgment and denying defendant Peterman's motion for summary judgment.

Allstate insured a 1980 Oldsmobile Cutlass owned by Jean Carroll under an automobile liability policy which defined "persons insured" while using an insured auto as including "you" [the named insured], "any resident" and "any other person using it with your permission." Jerry Ray Carroll was Jean's adult son who at the time was not residing in her household but living separately with his girl friend, Judy Pearson. On February 8, 1987, Jerry was driving the Cutlass when he was involved in a collision with Peterman. Peterman sought damages against Jerry and Jean and served Georgia Farm as his uninsured motorist carrier. Judy Pearson was added as a third-party defendant.

Allstate offered to defend Jerry under a non-waiver agreement and brought a declaratory judgment action against Peterman, Jerry, Jean, Judy and Georgia Farm. Allstate contended that under the policy's aforestated omnibus clause, Jerry was not an additional insured and it was not obligated either to defend him or to provide liability coverage. Peterman and Allstate both filed motions for summary judgment, and the trial court found for Allstate.

1. The sole issue presented is whether there was permissive use of the insured vehicle.

Allstate points out that in answering interrogatories in the tort action, which were considered below, Jean stated that "I did not give Jerry Ray Carroll permission to drive the vehicle at the time and place in issue. I had not given him permission to take possession of the vehicle. I do not know how or why he had possession of the vehicle at the time." It therefore urges that Jerry could not have had permission within the contemplation of the policy language. Defendants contend that Jean's answer should not have been considered by the trial court. Regardless of the admissibility issue, the accuracy of the decision must be tested by a consideration of all the proof offered in

support of and in opposition to the motion.

The evidence must be construed most favorably to the party opposing the motion for summary judgment; this party must be given the benefit of all favorable inferences and reasonable doubts which may arise from the evidence. *Mattison v. Travelers Indem. Co.*, 157 Ga. App. 372, 375 (1) (277 SE2d 746) (1981); *McCarty v. Nat. Life &c. Ins. Co.*, 107 Ga. App. 178, 179 (1) (129 SE2d 408) (1962). Full efficacy must be given also to the applicable principles of law which are comprehensively expounded in *Strickland v. Ga. Cas. & Surety Co.*, 224 Ga. 487 (162 SE2d 421) (1968), and *Cotton States &c. Ins. Co. v. State Farm &c. Ins. Co.*, 118 Ga. App. 451 (164 SE2d 262) (1968). In essence, the permission to use contained in an omnibus clause refers to the purpose for which permission was given and not to the operation of the vehicle. Thus, where a third person utilizes a vehicle via another person who did have permission from the owner, the fact that such third person had neither express nor implied permission from the owner is irrelevant. So is the fact the third person had no license to drive or was expressly forbidden to drive by the owner. "[T]he policy only requires *permission for the purpose to be served.*" *Hemphill v. Home Ins. Co.*, 121 Ga. App. 323, 328 (1) (174 SE2d 251) (1970), quoting from *Strickland,* supra at 489. As long as the use falls within the scope of the permission then it is permissive within the policy terminology.

Jerry testified that: "The girl I'm living with's car tore up, so she let us borrow it. Well she let her borrow it to take me back and forth to work." He subsequently reiterated this and added "and to get groceries and stuff." The use of the vehicle was for his benefit.

In response to the question of how he happened to be driving, Jerry answered that he "went up town" to get a "T. V. antenna." He got the keys on "the wall where we hang them at." This was the place Judy and he routinely left the car keys. At the hearing, Jean answered the trial court's question as to whether Jerry had permission to drive her car: "Well, Your Honor, I loaned the car to him and his girlfriend." Asked if she ever reported the car as stolen, she responded: "No sir. I don't consider it was stolen because I had loaned the car to them and he got drunk and that's what happened." There was no proof that she forbade Jerry's use of the automobile and in fact Jerry denied that his mother told him not to drive the car.

Because going to town to acquire a TV antenna could be construed as within the framework of the generic terms of picking up "groceries and stuff," the evidence did not establish as a matter of law that Jerry acted for a prohibited purpose or was outside the scope of the permission given. Even if it could be said that Jerry was not permitted to drive, proof remained from which a jury could find that the mission he set out on was for a purpose to be served by the per-

mission. *Strickland*, supra; *United Svcs. &c. Assn. v. Sentry Indem. Co.*, 147 Ga. App. 217, 218 (1) (248 SE2d 521) (1978); *Cotton States &c. Ins. Co.*, supra. Summary judgment was erroneous.

2. Assuming that Georgia Farm could raise an issue concerning the ruling on Peterman's motion for summary judgment, in view of our determination in Division 1 that a jury issue was presented, the trial court did not err in denying the motion.

*Judgment reversed. Banke, P. J., and Birdsong, J., concur.*

DECIDED MARCH 3, 1989.

*Heard, Leverett & Phelps, Cynthia G. Weaver*, for appellant.
*Frederick A. Bading*, for appellees.