### A93A1879. ALLSTATE INSURANCE COMPANY v. WOOD.
(440 SE2d 78)

POPE, Chief Judge.

This case involves the application of the "second permittee doctrine." We hold the trial court correctly applied that doctrine to the facts of this case and Allstate Insurance Company is obligated to provide Pamela Wood with liability coverage and a defense to the claims asserted against her in the underlying action by plaintiff Campbell.

On April 1, 1990, plaintiff Campbell was a passenger in a Geo Tracker (the "subject vehicle" or "vehicle") driven by Pamela Wood. While Wood was driving the vehicle that day, a collision occurred between it and another vehicle, and Campbell sustained injuries during the collision.

Campbell brought suit against Wood, the owner of the vehicle Wood was driving, and the driver of the other vehicle involved in the collision. Wood filed a third-party complaint against Allstate Insurance Company alleging that Allstate insured the vehicle she was driving on the date of the collision and had a duty to defend her in the lawsuit filed by Campbell because she was a permissive driver of the subject vehicle and the collision was an insured event.

The subject vehicle was owned by Louise Simmons, who testified that she purchased the vehicle with Wendy Waters, her boyfriend's daughter, "in mind." An informal agreement was reached that Waters would reimburse Simmons for payments made on the vehicle, and that when it was paid for, the vehicle would be given to Waters. Although Waters never reimbursed Simmons for the two payments Simmons made on the vehicle before the accident, she was allowed to frequently drive the vehicle. In fact, Simmons testified that Waters drove it as much as she did.

On the day in question, Waters, with Simmons' permission, drove the vehicle to Dublin. Simmons averred in an affidavit that the permission she gave Waters to use the subject vehicle included driving around Dublin and socializing with her friends, but did not include consuming alcohol in the vehicle, allowing others to consume alcohol in the vehicle, or allowing others to drive the vehicle.

When Waters arrived in the Dublin area she went to see some

friends and they decided to ride around in the vehicle. Waters gave Wood permission to drive the vehicle while they drove around Dublin. At the time of the collision, Wood was entering the highway with the purpose of taking a friend who had been riding with them to his car. Waters had gotten out of the vehicle just before the collision but did not revoke Wood's permission to drive the vehicle.

1. The Allstate policy insuring the subject vehicle defines "persons insured" to include "(a) you, (b) any resident, and (c) any other person using it with your permission." (Emphasis and indentations omitted.) As the trial court correctly noted, the "second permittee doctrine" as set forth in our decision in *Ga. Farm Bureau Mut. Ins. Co. v. Allstate Ins. Co.*, 190 Ga. App. 593, 594 (379 SE2d 619) (1989) provides: "In essence, the permission to use contained in an omnibus clause refers to the purpose for which permission was given and not to the operation of the vehicle. Thus, where a third person utilizes a vehicle via another person who did have permission from the owner, the fact that such third person had neither express nor implied permission from the owner is irrelevant. So is the fact the third person had no license to drive or was expressly forbidden to drive by the owner. '(T)he policy only requires *permission for the purpose to be served*.' [Cits.] As long as the use falls within the scope of the permission then it is permissive within the policy terminology." In this case, the relevant inquiries therefore are: (1) whether Simmons' permission to the first permittee, Waters, included using the vehicle for socializing; and (2) if the scope of the permission Wood received from Waters exceeded the permission Waters had from Simmons. There is no evidence to dispute the averment in Simmons' affidavit and testimony during her deposition that Waters had permission to use the vehicle while in Dublin for the purpose of socializing with friends. Waters' and Simmons' failure to specifically discuss that use is not fatal under the facts of this case, given Simmons' express acknowledgment that Waters had her permission to use the vehicle for that purpose and Waters' extensive use of the vehicle prior to the accident. The evidence is also undisputed that Waters gave Wood permission to drive the vehicle while they socialized, and Wood had not departed from that purpose at the time of the accident. Accordingly, the trial court correctly applied the "second permittee doctrine" to the facts of this case.

We reject Allstate's argument that even if Simmons' permission to Waters included socializing with friends, the presence of alcohol in the vehicle extended the use of the vehicle beyond the scope of the permission. As our Supreme Court noted in *Strickland v. Ga. Cas. &c. Co.*, 224 Ga. 487 (162 SE2d 421) (1968), the purposes of an insurance policy would be defeated if the named insured could permit the use of a vehicle but at the same time prohibit its negligent use. Id. at

489-490. Furthermore, there is no evidence that the presence of alcohol was a factor in the underlying collision, as all evidence indicates that Wood had not consumed alcohol on the day of the collision, and in fact, that was why she was driving the subject vehicle at the time of the collision.

Contrary to Allstate's contentions otherwise, *Allstate Ins. Co. v. Martin*, 136 Ga. App. 257 (220 SE2d 732) (1975), aff'd sub nom. *State Farm Mut. Auto. Ins. Co. v. Allstate Ins. Co.*, 236 Ga. 710 (225 SE2d 1) (1976) is factually distinguishable from this case. In that case the undisputed evidence showed that the second permittee had departed from the permission given by the first permittee at the time of the accident. In this case, Waters had permission to use the vehicle to socialize. Waters, in turn, gave Wood permission to use the vehicle for that purpose, and Wood had not departed from that purpose at the time of the collision.

2. Wood's motion to impose a penalty for frivolous appeal against Allstate is denied.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED JANUARY 13, 1994.

*Bonnie K. Cole, Robert S. Slocumb*, for appellant.
*Reynolds & McArthur, Bradley J. Survant, Miller & Towson, Wallace Miller III*, for appellee.