A99A1311. HARTFORD INSURANCE COMPANY OF THE MIDWEST v. NATIONWIDE MUTUAL INSURANCE COMPANY et al.
(523 SE2d 71)

MILLER, Judge.

Hartford Insurance Company sued to require Nationwide Mutual Insurance Company to provide insurance coverage for Ishmael Keys, who, while on a personal errand, was driving a vehicle that injured a person insured by Hartford. The issue is whether the permission given by the vehicle's owner to Keys' roommate was broad enough to cover allowing Keys to drive the vehicle on personal errands. The trial court found that the permission did not cover Keys driving the vehicle and denied Hartford's request for summary judgment and granted summary judgment, sua sponte, to Nationwide. The testimony was equivocal as to the scope of permission given, and on this basis we reverse.

Setting aside the question of whether the court erred in acting

sua sponte, we hold that summary judgment was erroneous on the merits. Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[1] We apply a de novo standard of review and view the evidence in the light most favorable to the nonmovant.[2]

So construed, the evidence shows that Nancy Brooks employed Rosie Bell to clean her home and care for her ill husband. Since Bell did not have transportation, Brooks allowed her to use one of her vehicles insured by Nationwide. Bell then allowed Ishmael Keys to drive the vehicle. She told him to get gas and that he could use it as long as he brought it back. Keys put gas in the vehicle and drove it to a college campus to watch a talent show. On his return, he collided with a vehicle driven by George Montgomery, Hartford's insured. Nationwide claims that Keys did not have permission to use the vehicle as defined in the policy and therefore was not an insured, and that Montgomery's uninsured motorist protection should provide the necessary coverage. Hartford contends that Keys did have permission and that Nationwide should provide coverage for any damages Montgomery incurred.

The policy issued to Brooks by Nationwide contained an omnibus clause which stated that coverage under the policy extends to persons liable for the use of the insured automobile while used with the policyholder's permission. The "second permittee" doctrine provides that "the permission to use contained in an omnibus clause refers to the purpose for which permission was given and not to the operation of the vehicle."[3] So, where a third person uses a vehicle with the consent of another person who has permission from the owner, the fact that the third person did not have express or implied permission from the owner is irrelevant.[4] "As long as the use falls within the scope of the permission then it is permissive within the policy terminology."[5]

If the scope of the permission to use the vehicle granted by Bell to Keys exceeded that granted by Brooks to Bell, then Keys' use is not permissive and he is not an insured under the policy.[6] Although it is clear that Brooks gave Bell express permission to use the vehicle, the scope of that permission is not clear. Hartford contends that

[1] OCGA § 9-11-56 (c).
[2] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).
[3] *Ga. Farm &c. Ins. Co. v. Allstate Ins. Co.*, 190 Ga. App. 593, 594 (1) (379 SE2d 619) (1989).
[4] Id.
[5] (Citation and punctuation omitted.) *Allstate Ins. Co. v. Wood*, 211 Ga. App. 662, 663 (1) (440 SE2d 78) (1994).
[6] See *Prudential Property &c. Ins. Co. v. Walker*, 219 Ga. App. 84, 85 (1) (464 SE2d 230) (1995).

Brooks gave Bell permission to drive the vehicle for any personal use while Nationwide claims that Brooks granted Bell permission only to drive the vehicle back and forth to work.

Brooks' testimony was equivocal:

A. She asked me. I didn't bring it up. She asked me would I mind if she used my car to get back and forth to work.

Q. And what was your response?

A. I said, no, I don't mind you using it just for those purposes, just for that purpose.

Q. Did you specifically restrict her use of the vehicle for to and from work?

A. I don't, I don't recall if, if I specifically said that or whether it was just implied.

Q. Okay. Did you determine prior to the time that you made the arrangements for her to use the vehicle whether or not she had a valid Georgia driver's license?

A. No, I did not. I did not ask to see it. But I, when she asked me could she use the car to get back and forth to work, I assumed that that's the only purpose that she was to use the car for, was to come to my house then go home.

Q. Do you know whether or not she had that same frame of mind that you did?

A. No, I don't know. Obviously she thought a lot differently than I did.

Brooks' testimony does not foreclose the possibility that she may have implied that Bell could use the vehicle for personal purposes. Her vacillating testimony creates some uncertainty and is indefinite as to the scope of permission she gave to Bell, which creates a question of fact for the jury to resolve. This precludes summary adjudication.

Because the evidence is inconclusive as to the scope of permission granted to Bell, the trial court did not err in denying summary judgment to Hartford, but did err in granting summary judgment to Nationwide.

*Judgment affirmed in part and reversed in part and case remanded. Blackburn, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 4, 1999.

*Karsman, Brooks & Callaway, Stanley Karsman, Timothy J. Haeussler*, for appellant.

*Kent, Worsham & Smart, A. Martin Kent, Joseph Y. Rahimi II,* for appellees.