### A08A0320. BRUNTZ v. COTTON TAIL HUNT CLUB.
(661 SE2d 849)

ANDREWS, Judge.

Kent Bruntz sued the Cotton Tail Hunt Club after he fell out of a tree while climbing up to a deer stand. The trial court granted the hunt club's motion for summary judgment, holding that Bruntz assumed the risk of falling and also holding that Bruntz had not shown that the hunt club had superior knowledge of any hazard. We agree and affirm.

The underlying facts are undisputed. Bruntz was one of eight members of the Cotton Tail Hunt Club which leased land for hunting purposes. There were several deer stands on the land and Bruntz was injured when he fell while climbing up to one of the stands. Bruntz testified at his deposition that he was climbing up to the deer stand when he stepped on a tree branch approximately four inches in diameter. Bruntz said that he stood on the limb for 20 or 30 seconds before it broke. Bruntz did not know why the limb broke; he stated that it was a very hard limb and did not appear to be rotten. When asked if he thought it just broke under his weight, he responded, "[t]hat's a possibility." Bruntz also acknowledged that one of the members had used the same stand recently and recommended it to Bruntz.

Bruntz said that he had been a hunter and had used tree stands since 1989. He acknowledged that he understood and appreciated the danger associated with climbing trees, including the possibility that he could fall and be injured.

> On appeal we review the trial court's grant of summary judgment de novo to determine whether the evidence, viewed in the light most favorable to the nonmoving party, demonstrates a genuine issue of material fact. Summary judgment is proper only when no issue of material fact exists and the moving party is entitled to judgment as a matter of law.

*Rayburn v. Ga. Power Co.*, 284 Ga. App. 131 (643 SE2d 385) (2007).

1. The trial court correctly granted the hunt club's motion for summary judgment on its defense of assumption of the risk.

[A] defendant claiming the affirmative defense of assumption of risk must establish that the plaintiff (1) had actual knowledge of the danger; (2) understood and appreciated the risks associated with such danger; and (3) voluntarily exposed himself to those risks. *Vaughn v. Pleasent*, 266 Ga. 862, 864 (1) (471 SE2d 866) (1996). The defense bars recovery when it is established that a plaintiff, without coercion of circumstances, chooses a course of action with full knowledge of its danger and while exercising a free choice as to whether to engage in the act or not. *Muldovan v. McEachern*, 271 Ga. 805, 807 (2) (523 SE2d 566) (1999).

(Punctuation omitted.) *Rayburn*, supra at 134-135.

The only evidence in the record is that Bruntz voluntarily assumed the risk associated with climbing into the deer stand and standing on tree limbs that could break. Bruntz points to his affidavit in which he stated that Tim Rader, the "leader" of the club, came to visit him in the hospital and told Bruntz that he, Rader, should have torn down the stand. Rader said that the stand was 13 years old, covered with hornets, and he knew it was not safe. But this has no bearing on the elements of the hunt club's defense of assumption of the risk.

Rather, the evidence is uncontroverted that Bruntz was an experienced hunter, was experienced in the use of tree stands, understood the danger associated with climbing into and out of the stands, understood the risks inherent in climbing on tree limbs, and voluntarily chose to assume those risks. Accordingly, there was no error in the trial court's grant of the hunt club's motion for summary judgment.

2. In light of our holding in Division 1, it is unnecessary to address the trial court's holding that Bruntz could not show that the hunt club had superior knowledge that the limb could break.

3. Cotton Tail Hunt Club's motion for penalties for frivolous appeal is denied.

*Judgment affirmed. Ruffin, P. J., and Bernes, J., concur.*

DECIDED APRIL 16, 2008.

*Johnston, Wilkin & Williams, Wendell E. Johnston, Jr., William J. Williams*, for appellant.

*Magill & Atkinson, Stephen F. Dermer*, for appellee.