A10A1424, A10A1425. CONKLIN v. ACCEPTANCE INDEMNITY INSURANCE COMPANY; and vice versa.
(702 SE2d 727)

ANDREWS, Presiding Judge.

Acceptance Indemnity Insurance Company (Acceptance) filed this declaratory judgment action against Kurk Conklin, Howard Jason Chapman, and Alfa Insurance[1] asking for a determination that its automotive fleet insurance policy did not provide coverage to Chapman, the driver of the car involved in the underlying lawsuit. Alternatively, Acceptance contended that if coverage was available under the policy, it was limited to the $25,000 minimum liability insurance limits. Acceptance filed a motion for summary judgment that was denied by the trial court; however, the trial court did conclude that coverage was limited to $25,000. In Case No. A10A1424, Conklin appeals that portion of the trial court's order

---

[1] Chapman and Alfa Insurance are not parties to this appeal.

limiting coverage. In Case No. A10A1425, Acceptance appeals the court's holding that there was an issue of fact as to whether there was coverage for the accident. For reasons that follow, we reverse the trial court's judgment in Case No. A10A1425 and dismiss the appeal in Case No. A10A1424 as moot.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.

*Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). "This Court reviews de novo a trial court's grant or denial of summary judgment." *Ethridge v. Davis*, 243 Ga. App. 11, 12 (530 SE2d 477) (2000).

So viewed, the record shows that Century Car Corporation (Century), a used car dealer, purchased an insurance policy from Acceptance that provided liability coverage for all of Century's vehicles. The policy provided $1 million in coverage for employees or permissive users, but reduced coverage to $25,000 if a customer was operating the vehicle.

Michael Mincey was a part-time employee of Century and a friend of the owner. Mincey stated that he was interested in buying a 1995 Mercedes-Benz owned by Century and he took the car home for the weekend to test drive. Mincey signed a vehicle test-drive or use agreement agreeing that he would "not allow anyone to drive the vehicle other than my spouse or myself." Over the weekend, Mincey was at a friend's house when Howard Jason Chapman asked if he could "go see some girl and show her the car." Mincey let him take the car. Chapman never returned, and in the early morning hours of July 5 he collided with a vehicle driven by Conklin.

After Conklin sued Chapman, Acceptance filed this declaratory judgment action seeking to determine whether it was obligated to provide coverage for the accident under its policy with Century.

Acceptance filed a motion for summary judgment, arguing that there was no coverage under the policy because the policy excludes coverage for a "loaned" vehicle. Acceptance also argued that Chapman was not an "insured" under the policy because he does not fit any of the definitions of an insured, nor did he come under the omnibus clause. That clause provides that an insured person is someone operating a covered automobile (1) owned by Century and (2) with permission of Century. Acceptance points out that only Mincey had permission to operate the car.

Further, Acceptance claimed that Chapman was not a "second

permittee" under the omnibus clause. Alternatively, Acceptance argued that if Chapman is considered an insured under the second permittee doctrine, the coverage should not exceed that available to Mincey.

The trial court held that the car driven by Chapman was a "covered auto" under the policy and did not come under the "loaned" vehicle exclusion. The trial court also held that there was a jury question as to whether Chapman was an insured under the second permittee doctrine.

The court agreed with Acceptance, however, that if it is determined that Chapman's use was covered by the policy, that coverage is limited to the state minimum coverage. The insurance policy limits the coverage for customers of the insured to the compulsory minimum state requirements. According to the trial court, because Chapman's status as a second permittee is predicated on the scope and permission given to the first permittee, the extent of the coverage should be similarly predicated and limited.

In Case No. A10A1424, Conklin appeals the trial court's determination that coverage under the policy is limited to $25,000, the mandatory minimum. In Case No. A10A1425, Acceptance cross-appeals, claiming the trial court erred in holding that there was a jury issue as to whether Chapman was an "insured" under the "second permittee" doctrine. We address the cross-appeal first because it is dispositive of the issues in both cases.

### Case No. A10A1425

In this cross-appeal, Acceptance appeals the trial court's determination that there is an issue of fact as to whether Chapman is covered under the second permittee doctrine and also appeals the trial court's determination that the "loaned" vehicle exclusion did not apply. We agree that the "second permittee" doctrine does not apply in this case and therefore Chapman does not fit the definition of an "insured" under the policy.

The omnibus clause in the policy at issue provides:

> The following are "insureds" for covered autos:
> (1) You for any covered "auto".
> (2) Anyone else while using with your permission a covered "auto" you own, hire or borrow except: . . . (d) Your customers, if your business is shown in the Declarations as an "auto" dealership. However, if a customer of yours:
> (i) Has no other available insurance (whether primary, excess or contingent) they are an "insured" but only up to the compulsory or financial responsibility law limits where the covered "auto" is principally garaged.

In *Strickland v. Ga. Cas. &c. Co.*, 224 Ga. 487 (162 SE2d 421) (1968), the Court considered the question of "whether or not coverage under the omnibus provision of the policy is extended where the vehicle is being used for a permitted purpose by a driver expressly prohibited from operating it." Id. at 489. According to *Strickland*:

> The "general rule" that a permittee may not allow a third party to "use" the named insured's car has generally been held not to preclude recovery under the omnibus clause where (1) the original permittee is riding in the car with the second permittee at the time of the accident, or (2) the second permittee, in using the vehicle, is serving some purpose of the original permittee. The courts generally reason that under such circumstances the second permittee is "operating" the car for the "use" of the first permittee and that such "use" is within the coverage of the omnibus clause.

Id. at 491.

The elements of the "second permittee" doctrine have been set out as follows:

> [W]hen a third person uses a car via another person who did have permission to use the car, this is a permissive use under the insurance policy as long as "the use falls within the scope of the permission." (Citations omitted.) *Allstate Ins. Co. v. Wood*, 211 Ga. App. 662, 663 (440 SE2d 78) (1994). To determine whether the use falls within the scope of the permission, the test is: (1) whether the owner's permission to the first permittee included the use to which the third person put the car, and (2) whether the scope of the permission the third person received from the first permittee exceeded the scope of permission given the first permittee by the owner.

*Prudential Property &c. Ins. Co. v. Walker*, 219 Ga. App. 84, 85 (464 SE2d 230) (1995).

The "second permittee" doctrine provides that "the permission to use contained in an omnibus clause refers to the purpose for which permission was given and not to the operation of the vehicle." *Ga. Farm &c. Ins. Co. v. Allstate Ins. Co.*, 190 Ga. App. 593, 594 (1) (379 SE2d 619) (1989). Therefore, if Chapman's use of the car was not for the same permitted purpose for which Mincey was given the use of the car, then Chapman's use is not permissive and he is not an

insured under the policy. See *Walker*, supra. *Ga. Farm &c. Ins. Co.*, supra at 594.

In *Walker*, the son was given the father's car to drive back to school, to use while at school, and to drive back home. The son gave the car to a friend who drove it out of state to be fitted for a bridesmaid's dress. Id. at 85. This Court held that the friend's use of the car exceeded the scope of permission given by the father to the son for the use of the car. Id. Likewise, in this case, Mincey was given permission to test drive the vehicle in order to decide whether to buy it. It is undisputed that the purpose for which Chapman took the vehicle was totally unrelated to this permitted purpose.

By comparison, in *Hemphill v. Home Ins. Co.*, 121 Ga. App. 323 (174 SE2d 251) (1970), we held that the second permittee doctrine did apply when the purpose for which the father gave the car to the son was for general transportation and, at the time of the collision, the second permittee was driving the car with the son as a passenger, thus operating the automobile for the permitted purpose of furnishing transportation to the son. Id. at 330. The court in *Hemphill* held that the requisite permission "related only to the purpose for which permission was given and not to the identity of the operator." Id. at 329.

Because in the case before us the requisite permission related only to test-driving the car with a view to buying it, Chapman's use of the car bore no relation to the permitted purpose. Accordingly, Chapman was not a "second permittee" and therefore was not an "insured" under the policy. The trial court erred in denying Acceptance's motion for summary judgment on this ground. In light of this holding, we need not address Acceptance's remaining enumerations of error.

### Case No. A10A1424

In Case No. A10A1424, Conklin appeals the trial court's determination that coverage is limited to $25,000, the state mandatory minimum. In light of our holding in Case No. A10A1425 that Chapman is not an insured under the policy, we need not address this appeal.

*Judgment reversed in Case No. A10A1425. Appeal dismissed as moot in Case No. A10A1424. Ellington and Doyle, JJ., concur.*

DECIDED OCTOBER 13, 2010 —
RECONSIDERATION DENIED OCTOBER 27, 2010 —

*Baker, Donelson, Bearman, Caldwell & Berkowitz, Mark A.*

*Barber, Hall, Booth, Smith & Slover, W. Scott Henwood, Duane L. Cochenour, Michael M. Calabro*, for appellant.

*Dennis, Corry, Porter & Smith, R. Clay Porter, Mary A. Cooper*, for appellee.