A11A1507. ADMIRAL INSURANCE COMPANY v. STATE
BROADCASTING CORPORATION et al.
A11A1619. STATE BROADCASTING CORPORATION et al.
v. THOMPSON et al.
(725 SE2d 789)

MCFADDEN, Judge.

These appeals arise from the denial of summary judgment to defendants in a negligence action and to the plaintiff insurance company in a related declaratory judgment action regarding possible coverage under an insurance policy. Because the injured party in the negligence action assumed the risk of injury, the trial court erred in denying summary judgment to the defendants; and since those defendants are not liable, the issue of whether there is coverage

---

under the insurance policy is moot.

On appeal, we review the trial court's summary judgment ruling de novo to determine whether the evidence, viewed in the light most favorable to the nonmoving party, demonstrates a genuine issue of material fact. *Bruntz v. Cotton Tail Hunt Club*, 291 Ga. App. 200 (661 SE2d 849) (2008). Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id.

So viewed, the evidence shows that on the morning of Saturday, July 5, 2008, Anthony Taylor took his 11-year-old son, R. T., to a fund-raising event for the East Dublin Lions Club held at Buckeye Park in East Dublin, Georgia. The event was sponsored, in part, by a local radio station owned by State Broadcasting Corporation. Once inside the park, Anthony Taylor sat down near the bank of the adjacent Oconee River and began drinking beer. Later that day, R. T. waded across the river to the opposite bank and, along with others, began climbing and jumping out of a tree that had a rope swing on it. Over the course of four or five hours, he jumped out of the tree between fifty and seventy-five times, sometimes using the rope swing and sometimes not using it. During that time period, the father continued to sit on the river bank, drink beer and watch as his son climbed and jumped out of the tree.

Around 8:00 p.m., R. T. told his father he was going to jump out of the tree one last time. Anthony warned R. T. to be careful, as he had repeatedly cautioned throughout the day. When R. T. jumped out of the tree, someone threw the rope swing toward him. His right arm became entangled in the rope and was severely injured.

Christi Thompson, R. T.'s mother, sued the East Dublin Lions Club, State Broadcasting and others for negligence, seeking to recover damages arising from R. T.'s injuries. Admiral Insurance Company, which had issued an insurance policy to an entity affiliated with State Broadcasting, filed a declaratory judgment action, seeking a judicial determination that the policy does not afford coverage for those injuries. State Broadcasting and its general manager, Rick Humphrey, moved for summary judgment as to the negligence claims brought by Thompson; and Admiral moved for summary judgment in its declaratory judgment action. The trial court denied both motions for summary judgment. In Case No. A11A1507, Admiral appeals; and in Case No. A11A1619, State Broadcasting and Humphrey appeal.

### Case No. A11A1619

1. State Broadcasting and Humphrey assert that they are entitled to summary judgment based on their defense of assumption

of the risk. We agree.

> In order to establish the defense of assumption of risk, the [defendants] were required to show that [R. T.] (1) had actual knowledge of the danger; (2) understood and appreciated the risks associated with such danger; and (3) voluntarily exposed himself to those risks. Even though [he] is a child of tender years, there is no legal bar to applying assumption of the risk, as a matter of law, to the conduct of a child between the ages of seven and fourteen when the evidence shows that the danger was obvious, that the child knew of the danger and was able to appreciate the risks associated with it, and the child voluntarily chose to run the risk.

(Citations and punctuation omitted.) *O'Neal v. Sikes*, 271 Ga. App. 391, 392 (609 SE2d 734) (2005).

Here, it is undisputed that 11-year-old R. T. is an intelligent child who knew that jumping out of the tree was dangerous and could appreciate its risks. According to Thompson's deposition, he is extremely intelligent, quick-witted and a straight-A honor roll student. The record also shows that R. T. heard his father's warnings to be careful. And prior to being hurt, he had thought to himself that jumping from the tree was dangerous, but the danger "was kind of the fun in it."

Because the evidence shows that the danger was obvious, that R. T. knew of the danger and was able to appreciate the risks associated with it, and that he nevertheless voluntarily exposed himself to the risks of jumping from the tree, he assumed the risk of injury as a matter of law. See generally *Riley v. Brasunas*, 210 Ga. App. 865, 867 (1) (438 SE2d 113) (1993). Accordingly, the trial court erred in denying summary judgment to State Broadcasting and Humphrey. See *O'Neal*, supra at 393.

2. Because of our holding in Division 1, we need not address the remaining enumerations of error.

### Case No. A11A1507

3. Admiral contends that the trial court erred in failing to declare that the insurance policy it issued to State Broadcasting does not cover the injuries suffered by R. T. But because of our holding in Division 1 that State Broadcasting is not liable for the injuries, whether or not the insurance policy would cover such liability is now moot. Accordingly, Admiral's appeal is dismissed as moot. See *Conklin v. Acceptance Indem. Ins. Co.*, 306 Ga. App. 585, 589 (702

SE2d 727) (2010).

*Judgment reversed in Case No. A11A1619. Appeal dismissed in Case No. A11A1507. Phipps, P. J., and Andrews, J., concur.*

DECIDED MARCH 8, 2012 — 

*Carlock, Copeland & Stair, Wade K. Copeland, Lee S. Atkinson, McNatt, Greene & Peterson, Hugh B. McNatt, Hugh Peterson III*, for appellants.

*Smith & Jenkins, Wilson R. Smith, Durden, Rice & Barfield, William R. Rice, Sumner, Avery & Harper, Joseph C. Sumner, Jr., Sarah S. Harper, Ellis, Painter, Ratterree & Adams, Ryburn C. Ratterree, Freeman, Mathis & Gary, Theodore Freeman*, for appellees.